**GUTRIDE SAFIER LLP**
Adam J. Gutride (State Bar No. 181446)
Seth A. Safier (State Bar No. 197427)
Todd Kennedy (State Bar No. 250267)
Anthony J. Patek (State Bar No. 228964)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com
todd@gutridesafier.com
anthony@gutridesafier.com

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, pro hac vice pending
Jason Rathod, pro hac vice pending
Esfand Nafisi (State Bar No. 320119)
412 H Street NE, Suite 302
Washington, D.C. 20002
Telephone:  (202) 470-3520
Facsimile: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
enafisi@classlawdc.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRADLEY COLGATE, an individual, and KAYTLIN MCKNIGHT, an individual, on behalf of themselves, the general public, and those similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>JUUL LABS, INC.; PAX LABS, INC.<br><br>Defendants. | CASE NO. 3:18-cv-02499-WHO<br><br>**PLAINTIFFS' MOTION TO APPOINT GUTRIDE SAFIER LLP AND MIGLIACCIO & RATHOD LLP INTERIM LEAD COUNSEL AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Honorable William H. Orrick<br><br>Notice Date:   July 11, 2018, 2:00 p.m. |

I.  Introduction ........................................................................................................................... 1
II. Background ........................................................................................................................... 2
   A. Procedural Background ................................................................................................... 3
   B. Gutride Safier LLP .......................................................................................................... 3
   C. Migliaccio & Rathod LLP ............................................................................................... 5
III. Appointment of Interim Counsel is Appropriate. ................................................................. 7
IV. The Court Should Appoint Gutride Safier LLP and Migliaccio & Rathod LLP as Interim Counsel for the Class. ........................................................................................................... 9
   A. GSLLP And M&R Have Undertaken the Investigation and Research Underpinning the Action. ............................................................................................................................. 9
   B. GSLLP and M&R Have Substantial Experience in Leading the Prosecution of Class Actions on Behalf of Consumers and False Advertising and Products Liability Cases. ............... 10
   C. GSLLP and M&R Have Substantial Experience in Leading the Prosecution of Class Actions on Behalf of Consumers and False Advertising and Products Liability Cases. ............... 11
   D. GSLLP and M&R Have Substantial Experience in Leading the Prosecution of Class Actions on Behalf of Consumers and False Advertising and Products Liability Cases. ............... 12
   E. GSLLP and M&R Have Advanced the Case. ............................................................... 12
V. Conclusion. ........................................................................................................................ 13

## *TABLE OF AUTHORITIES*

**Cases**

*Beture v. Samsung*, No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar. 27, 2018) ........ 5

*Chavez v. Blue Sky Natural Beverage Co.*, 340 Fed. Appx. 359 (9th Cir. 2009) ................................. 4

*Chavez v. Blue Sky Natural Beverage Co., et al.*, 3:06-cv-06609-JSW (N.D. Cal.) ............................ 3

*Coleman v. Gen. Motors Acceptance Corp.*, 220 F.R.D. 64 (M.D. Tenn. 2004) ................................. 8

*Davidson v. Kimberly-Clark Corp.*, No. 15-16173, 2018 U.S. App. LEXIS 12204 (9th Cir. May 9, 2018) .................................................................................................................................................... 4

*Deaton v. Hotwire*, Case No. CGC-05- 437631, 2009 Cal. Super. LEXIS 4527 (San Francisco Superior Court Dec. 24, 2009) ............................................................................................................ 4

*Embry v. Acer America Corp*, Case No C 09–01808 JW, 2012 U.S. Dist. LEXIS 127813 (N.D. Cal.) ................................................................................................................................................................ 4

*Gallagher v. Bayer AG*, Case No. 14-cv-04601-WHO, 2015 WL 4932292 (N.D. Cal. Aug. 18, 2015) ................................................................................................................................................................ 8

*Gauss v. Millennium Products, Inc.*, Case No. CGC-10-503347, 2011 Cal. Super. LEXIS 13340 (San Francisco Superior Court) ............................................................................................................. 4

*In Re: Apple Inc. Device Performance Litigation*, 5:18-md-2827-EJD (N.D. Cal.) ............................ 5

*Just Film, Inc. v. Buono*, 847 F.3d 1108 (9th Cir. 2017) ................................................................ 4, 10

*Kacsuta v. Lenovo (United States), Inc.*, Case No. SACV 13-00316-CJC(RNBx), 2014 U.S. Dist. LEXIS 174510 (C.D. Cal. Dec. 16, 2014) ........................................................................................... 6

*Kumar v. Salov North America Corp.*, Case No. 14-cv-2411-YGR (N.D. Cal.) ......................... 3, 4, 10

*Levitte v. Google, Inc*., Nos. C 08-03369 et al., 2009 WL 482252 (N.D. Cal. Feb. 25, 2009) ............. 7

*Mancini v Ticketmaster*, Case No. 07-cv-01459-DSF-JTL, 2013 U.S. Dist. LEXIS 109791 (C.D. Cal. Aug. 2, 2013) .................................................................................................................................. 4

*Matthews v. TCL Communications,* Case No. 3:17-cv-95 (W.D.N.C.) ................................................. 6

*Miller v. Fuhu, Inc.,* Case No. 15-bk-12465 (Del. Bankruptcy Court) .......................................... 3, 10

*Miller, et al. v. Ghirardelli Chocolate Company*, Case No. 12-cv-04936-LB (N.D. Cal.) ......... 3, 4, 10

*Nelsen v. PeoplePC,* Case No. 07-460240, 2008 Cal. Super. LEXIS 5884 (San Francisco Superior Court Aug. 11, 2008) ................................................................................................ 4

*Nnadili v. Chevron*, Case No. 02-1620 (D.D.C.) ................................................................... 5

*Paraggua v. LinkedIn Corp.*, No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012) ......................................................................................................... 7, 8

*Peppler v. Postmates, Inc.*, Case No. 2015 CA 006560 (D.C. Sup. Ct.) ................................ 6

*Restaino v. Mario Badescu, Inc.*, Case No. MID-L-5830-14 (N.J. Super. Ct.) .................... 5

*Singer v. Postmates, Inc.*, No. 4:15-cv-01284-JSW, 2017 U.S. Dist. LEXIS 182170 (N.D. Cal. Sep. 1, 2017) ............................................................................................................ 6

*Snodgrass v. Bob Evans*, Case No. 2:12-cv-768, 2015 U.S. Dist. LEXIS 33621 (S.D. Ohio Mar. 18, 2015) ................................................................................................................. 7

*Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011) ............................................. 4

*Wheeler et al. v. Lenovo (United States) Inc.*, Case No. 13-0007150 (D.C. Sup. Ct.) .......... 6

*White v. TransUnion*, LLC, 239 F.R.D. 681 (C.D. Cal. 2006) ............................................. 7

*Witthoff v. Honest Tea, Inc.*, CGC-10-504987 (San Francisco Superior Court) .................. 3

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012) ................................. 5, 10

**Other Authorities**

Manual for Complex Litig. § 10.221 (4th ed. 2004) ............................................................. 1

*Manual for Complex Litig.* § 21.11 (4th ed. 2004) ............................................................... 7

**Rules**

Fed. R. Civ. P. 23(g) ............................................................................................. 1, 7, 8, 12

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Wednesday, July 11, 2018 at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Bradley Colgate and Kaytlin McKnight will and hereby do move for an order appointing Gutride Safier LLP and Migliaccio & Rathod LLP interim lead counsel for the proposed class in the above-captioned action.

This Motion is based on this Notice, the following memorandum of points and authorities, the concurrently filed Declaration of Adam J. Gutride, Declaration of Nicholas Migliaccio, the concurrently filed [Proposed] Order, as well as any other papers and argument submitted to the Court before or at the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Plaintiffs Bradley Colgate and Kaytlin McKnight move for an order appointing their counsel, Gutride Safier LLP ("GSLLP") and Migliaccio & Rathod LLP ("M&R"), as Interim Lead Counsel for the class in the above-captioned case. According to the Manual for Complex Litigation, the primary concern in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." Manual for Complex Litig. § 10.221 (4th ed. 2004). This case is best litigated by a lean leadership structure that will achieve maximum efficiencies for the Class.

GSLLP has been one of the nation's leading plaintiffs' law firms practicing complex litigation for over a decade, and has recovered substantial settlements in consumer class actions. See Declaration of Adam J. Gutride, Exhibit A ("Firm Bio") ("Gutride Decl."). GSLLP has successfully litigated a myriad of complex cases, including food labeling and products liability class action cases, amongst other practice areas. GSLLP has extensive experience litigating the types of complex claims asserted in this case, and has the resources necessary to vigorously

prosecute this action and protect the interests of the class. As explained in detail below, GSLLP's lawyers satisfy the factors outlined in Fed. R. Civ. P. 23(g).

M&R has extensive experience representing consumers in complex class action litigation, with an emphasis on products involving highly technical matters or novel issues like the ones at bar here. Uniquely, M&R has specific experience in actions, like this one, that involve consumer products allegedly containing undisclosed, or inadequately disclosed, addictive substances. M&R attorneys have trial experience, have prevailed on numerous motions to dismiss and contested class certification motions, and have conducted complex electronic discovery in major antitrust and complex white-collar criminal matters. From the time that M&R attorneys began investigating this case at the beginning of 2018, the firm has been fully committed to the prosecution of this litigation, and is prepared, both in terms of finances and commitment, to see this matter through. As explained in detail below, M&R's lawyers satisfy the factors outlined in Fed. R. Civ. P. 23(g).

## II.   BACKGROUND

This case arises out of Defendants' false and deceptive advertising of JUUL e-cigarettes and JUUL pods, including their unfair, unlawful, and fraudulent practices of marketing those products as safe, candy-like products that are attractive to minors and nonsmokers, when they in fact contain more potent doses of nicotine than cigarettes, making them particularly addictive, and without disclosing any of the myriad problems that are likely to occur from the use of the products, including long-term nicotine addiction; increased risk of heart disease and stroke; changes in brain functionality that lead to increased susceptibility to anxiety, depression and other addictions; decreased functionality of the endocrine system; heightened risk of cancer; and negative effects on fertility.

Although Defendants have made various public statements that their products are designed only for adults who already smoke cigarettes, to provide them a safer alternative to their already dangerous habit, those statements are false, and Defendants know them to be false. JUUL claims, for example, that its JUUL products are smoking cessation devices, but it has not received FDA approval as an aid in smoking cessation, and has not participated in any FDA approval process.

Moreover, despite all of their public denials, Defendants intentionally market their products to appeal to these young nonsmokers in the hopes that children will try the products and, because of the products highly addictive nature, become life-long customers. In this regard, Defendants have been wildly successful.

**A.     Procedural Background**

On April 26, 2018, Plaintiffs commenced this putative class action against Defendants Juul Labs, Inc. and Pax Labs, Inc. ("Defendants") by filing a Class Action Complaint in this Court. Defendants were served with the Complaint on May 8, 2018.

Plaintiffs allege several causes of action arising out of Defendants' manufacture, marketing and sale of the JUUL e-cigarette and/or JUULpod products. Plaintiffs' causes of action include violation of the consumer protection laws of the 50 states; violation of sections 17200 et seq. and 17500 et seq. of the California Business and Professions Code and the California Consumers Legal Remedies Act; common law fraud, deceit and/or misrepresentation; and unjust enrichment. Plaintiffs filed the action on behalf of the following proposed class: "All persons who purchased, in the United States, a JUUL e-cigarette and/or JUULpods."

**B.     Gutride Safier LLP**

Since its founding in 2005, GSLLP has developed a track record of successful advocacy through prosecuting complex civil cases and class action cases in federal courts throughout the United States and in California state court on its clients' behalf. (Gutride Decl., ¶ 2.) Over the last 13+ years, GSLLP has achieved settlements in class action cases making available to class members over $500 million in cash and other settlement benefits. (Id.) Adam J. Gutride and Seth A. Safier, the firm's co-founders, have collectively more than 36 years of professional and leadership experience in litigating class action cases on behalf of consumers, including substantial experience litigating false labeling and product liability cases. (Id.) Recent, representative matters from Mr. Gutride and Mr. Safier's practice at GSLLP includes the following:

- *Kumar v. Salov North America Corp.,* Case No. 14-cv-2411-YGR (N.D. Cal.) for violation of California's consumer protection laws for false labeling of olive oil;
- *Kumar v. Safeway Inc.*, Case No. RG 14726707 (Alameda County Superior Court) for violation of California's consumer protection laws for false labeling of olive oil;
- *Miller v. Fuhu, Inc.,* Case No. 15-bk-12465 (Del. Bankruptcy Court) for violation of California's consumer protection laws for false labeling of children's tablets; and
- *Miller, et al. v. Ghirardelli Chocolate Company*, Case No. 12-cv-04936-LB (N.D. Cal.) for violation of California's consumer protection laws for false labeling of white chocolate;
- *Witthoff v. Honest Tea, Inc.*, CGC-10-504987 (San Francisco Superior Court) for violation of California's consumer protection laws for false labeling of tea; and
- *Chavez v. Blue Sky Natural Beverage Co., et al.*, 3:06-cv-06609-JSW (N.D. Cal.) for violation of California's consumer protection laws for false labeling of beverages.

(Gutride Decl., Exhibit A.)

GSLLP's efforts have also helped to establish some of the basic principles for consumer class actions, including arguably certification of the first food labeling case in the Northern District of California. *See, e.g.*, *Davidson v. Kimberly-Clark Corp.*, No. 15-16173, 2018 U.S. App. LEXIS 12204 (9th Cir. May 9, 2018) (holding that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an actual or imminent threat of future harm); *Just Film, Inc. v. Buono*, 847 F.3d 1108 (9th Cir. 2017) (affirming certification, holding that typicality requirement focuses on whether plaintiffs are injured by the same pattern of [alleged wrongdoing] as the other class members); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011) (holding classwide reliance not requisite for certification of UCL or CLRA claims); *Chavez v. Blue Sky Natural Beverage Co.*, 340 Fed. Appx. 359 (9th Cir. 2009) (recognizing the "benefit of the bargain" theory as a viable basis for standing in consumer class actions); *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365 (N.D. Cal. 2010) (certifying nationwide class). Very sizeable recoveries have been made for the

1   benefit of plaintiffs in GSLLP's class action cases. *See, e.g.*, *Kumar v. Salov North America Corp.*,
2   Case No. 14-cv-2411-YGR, 2017 U.S. Dist. LEXIS 105463 (N.D. Cal. July 7, 2017); *Miller, et al.*
3   *v. Ghirardelli Chocolate Company*, Case No. 12-cv-04936-LB 2014 U.S. Dist. LEXIS 141111
4   (N.D. Cal. Oct. 2, 2014); *Embry v. Acer America Corp*, Case No C 09–01808 JW, 2012 U.S. Dist.
5   LEXIS 127813 (N.D. Cal.); *Mancini v Ticketmaster*, Case No. 07-cv-01459-DSF-JTL, 2013 U.S.
6   Dist. LEXIS 109791 (C.D. Cal. Aug. 2, 2013); *Gauss v. Millennium Products, Inc.*, Case No.
7   CGC-10-503347, 2011 Cal. Super. LEXIS 13340 (San Francisco Superior Court); *Deaton v.*
8   *Hotwire*, Case No. CGC-05- 437631, 2009 Cal. Super. LEXIS 4527 (San Francisco Superior Court
9   Dec. 24, 2009); *Nelsen v. PeoplePC,* Case No. 07-460240, 2008 Cal. Super. LEXIS 5884 (San
10  Francisco Superior Court Aug. 11, 2008).

11  **C.     Migliaccio & Rathod LLP**

12  The attorneys at M&R have over three decades of experience and have prevailed in a
13  number of noteworthy class actions involving defective products, misleading advertisements, civil
14  rights, wage and hour claims, and environmental contamination cases. M&R attorneys' trial
15  experience in class actions and other complex matters, successes in contested motions, and
16  expertise in complex electronic discovery have led to hundreds of millions of dollars in relief.
17  (Migliaccio Declaration ¶ 1).

18  M&R's consumer protection practice focuses heavily on cases involving complex
19  technological or scientific issues. M&R was recently appointed as interim co-lead counsel in
20  *Beture v. Samsung*, No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar. 27, 2018), a
21  product defect action arising from a hardware memory defect affecting hundreds of thousands of
22  class members' smartphones. M&R has served in an advisory capacity to members of the
23  Plaintiff's Steering Committee in *In Re: Apple Inc. Device Performance Litigation*, 5:18-md-2827-
24  EJD (N.D. Cal.), based on the firm's 2015 filing of the first-known case against Apple to allege
25  fraudulent device performance reductions.  In *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532
26  (6th Cir. 2012), M&R attorneys wrote the briefing that culminated in affirmance of a class
27  certification order in an action in which consumers alleged that several major insurance companies
28

1  failed to use appropriate technological tools to verify addresses – and therefore the applicable rates
2  – of insureds, leading to overcharges.

3      M&R also has experience in aggregate litigation involving toxins. In *Nnadili v. Chevron*,
4  Case No. 02-1620 (D.D.C.), M&R attorneys represented owners and residents of properties in the
5  District of Columbia that were contaminated with gasoline constituents including benzene, toluene,
6  ethylbenzene, and xylenes from leaking underground storage tanks that were installed by Chevron.
7  The United States Environmental Protection Agency conducted an extensive investigation into the
8  contamination and M&R attorneys were heavily in scientific and technical aspects of the case,
9  which settled for $6.2 million after approximately five years of litigation. M&R further has specific
10 experience in a case, like this one, involving a product that allegedly partially disclosed or failed to
11 disclose the inclusion of addictive and harmful substances. In *Restaino v. Mario Badescu, Inc.*,
12 Case No. MID-L-5830-14 (N.J. Super. Ct.), an M&R attorney spearheaded litigation on behalf of
13 three dozen individuals who had been injured by unlabeled corticosteroids in a "botanical" face
14 cream. The theory of the prosecution—that the plaintiffs had become addicted to the undisclosed
15 corticosteroids in defendant's products and suffered from "topical steroid withdrawal" when the
16 product was recalled—brought to bear cutting edge medical evidence and scientific evidence,
17 which resulted in nearly $20 million in relief to the plaintiffs.

18     M&R is also well-situated to tackle head-on the complex electronic discovery that this
19 action will likely require. M&R attorneys are not only adept at cutting edge discovery tools but
20 have developed and implemented statistical models that have been vetted and relied upon by
21 Department of Justice officials in complex white collar criminal matters.

22     A list of recent, notable cases include:

23 • *Matthews v. TCL Communications,* Case No. 3:17-cv-95 (W.D.N.C.). Represent plaintiffs
24    in a class action brought on behalf of purchasers of Alcatel OneTouch Idol 3 smartphones
25    who allege that a firmware update removed Band 12 LTE functionality from their phones,
26    greatly reducing their functionality. The Court has granted preliminary approval of a class

1       action settlement which provides class members with either the reinstatement of Band 12
2       LTE functionality on their phones, or new phones with LTE Band 12 functionality.
3    •  *Wheeler et al. v. Lenovo (United States) Inc.*, Case No. 13-0007150 (D.C. Sup. Ct.) and
4       *Kacsuta v. Lenovo (United States), Inc.*, Case No. SACV 13-00316-CJC(RNBx), 2014 U.S.
5       Dist. LEXIS 174510 (C.D. Cal. Dec. 16, 2014). Represented plaintiffs in a class action
6       brought on behalf of purchasers of Lenovo laptops that suffered from Wi-Fi connectivity
7       problems. Served among the court-appointed class counsel in a nationwide settlement in
8       which Lenovo agreed to refund $100 cash or issue a $250 voucher (which required no
9       purchase to use) to owners of affected laptops.
10   •  *Peppler v. Postmates, Inc.*, Case No. 2015 CA 006560 (D.C. Sup. Ct.) and *Singer v.
11      Postmates, Inc.*, No. 4:15-cv-01284-JSW, 2017 U.S. Dist. LEXIS 182170 (N.D. Cal. Sep.
12      1, 2017).  Represented plaintiffs in a wage theft class action against application-based
13      courier startup company, alleging that the couriers were misclassified as independent
14      contractors.  M&R was named class counsel in the settlement agreement providing for
15      $8.75 million in relief to a nationwide class.
16   •  *Snodgrass v. Bob Evans*, Case No. 2:12-cv-768, 2015 U.S. Dist. LEXIS 33621 (S.D. Ohio
17      Mar. 18, 2015). Represented Bob Evans' Assistant Managers in a case alleging that Bob
18      Evans, a restaurant chain with hundreds of locations predominantly in the Midwest, had
19      misclassified its Assistant Managers as exempt from federal and state overtime laws. After
20      a landmark ruling on the application of the so-called "fluctuating workweek" method of
21      payment, the lawsuit settled for $16.5 million. The gross recovery per class member was
22      approximately $6,380. In issuing its order approving the settlement, the court took special
23      note of the "competence of class counsel in prosecuting this complex litigation."

### III. APPOINTMENT OF INTERIM COUNSEL IS APPROPRIATE.

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3);

*see also Levitte v. Google, Inc.*, Nos. C 08-03369 et al., 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009). Similarly, the Manual for Complex Litigation (4th ed. 2009) ("Manual") recommends that the Court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in complex litigation. The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litig.* § 21.11 (4th ed. 2004). "'Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.'" *Paraggua v. LinkedIn Corp.*, No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226, at *5-6 (N.D. Cal. Aug. 29, 2012) (Davila, J.) (*quoting White v. TransUnion*, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006)). Appointing interim class counsel at this juncture will help these cases move forward expeditiously, avoid duplicative work on behalf of the proposed class, and limit the number of plaintiffs' counsel with whom Defendants need to confer.

In considering a motion to appoint interim lead class counsel, a court must determine who will best represent the interests of the class, and who is best able to accomplish the class action goals of efficiency and economy in doing so. *See Coleman v. Gen. Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004). Rule 23(g) sets forth four considerations for the appointment of interim lead class counsel:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv).[1] No single factor is determinative; all factors must be weighed to determine who can best represent the class. See Advisory Committee Notes (2003 Amendments). As provided below, each criterion supports the appointment of the GSLLP and M&R as Interim Lead Class Counsel for the proposed class.

### IV. THE COURT SHOULD APPOINT GUTRIDE SAFIER LLP AND MIGLIACCIO & RATHOD LLP AS INTERIM COUNSEL FOR THE CLASS.

GSLLP, M&R and their attorneys each have extensive class action experience and have successfully litigated many complex class action cases over the last decade. Their collective and respective individual litigation experience—as discussed below as well as in the firm biography attached to the Declaration of Adam J. Gutride and Declaration of Nicholas A. Migliaccio—amply demonstrates that proposed interim lead counsel have extensive knowledge of the relevant law, as well as the resources for effective representation of the class and the proven ability to reach superior results for consumers who have been injured by unfair and unlawful practices.

#### A.   GSLLP And M&R Have Undertaken the Investigation and Research Underpinning the Action.

Before filing the above-captioned lawsuit, GSLLP and M&R researched JUUL's marketing and advertising efforts dating back to the company's inception, JUUL's patented nicotine formulation, the nature of, and science behind, the e-cigarette and vaping industry, and the injury and damages Defendants' alleged conduct caused consumers. (Gutride Decl., ¶ 3; Migliaccio Decl., ¶ 2) Further, GSLLP and M&R identified and interviewed consultants to assist in developing the case and identified and interviewed potential fact witnesses and claimants. (Id.) GSLLP and M&R also identified and are in the process of interviewing consulting and testifying experts that this case

---

[1] While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing *interim* class counsel, as this Court provided in the Order, courts have held that the same factors that apply in choosing class counsel upon class certification apply in choosing interim class counsel. *See Gallagher v. Bayer AG*, Case No. 14-cv-04601-WHO, 2015 WL 4932292 (N.D. Cal. Aug. 18, 2015) (*citing Paraggua v. LinkedIn Corp.*, Case No. 5:12–CV–03088 EJD, 2012 WL 3763889 at *1 (N.D. Cal. Aug. 29, 2012).)

will require. Further, GSLLP and M&R relied on the knowledge and expertise gained from leadership, management and prosecution of other false advertising and product liability cases. (Id.)

GSLLP and M&R filed the first complaint reflecting their investigations. Substantially similar, indeed, almost identical, claims will certainly be later pled. GSLLP and M&R have devoted substantial resources—both in time and money—to investigate and litigate the allegations in the Complaint, and will devote all necessary resources going forward to achieve a successful resolution. GSLLP and M&R have not and will not rely on litigation financing to fund this litigation.

**B.   GSLLP and M&R Have Substantial Experience in Leading the Prosecution of Class Actions on Behalf of Consumers and False Advertising and Products Liability Cases.**

As set forth above and in the firm biographies attached to the Gutride Declaration and the Migliaccio Declaration, GSLLP, M&R and their attorneys have decades of substantial experience prosecuting complex consumer class actions on behalf of a wide variety of plaintiffs including in particular false advertising and product liability cases. For example, GSLLP certified the arguably first product consumer class action filed in this District. *See Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 368 (N.D. Cal. 2010). It has subsequently obtained certification in a number of other similar consumer protection cases. *See, e.g., Kumar v. Salov North America Corp.*, 2016 WL 3844334 (N.D. Cal. 2016); *Rainbow Business Solutions v. Merchant Services, Inc.*, 2013 WL 6734086 (N.D. Cal. 2013) *affirmed Just Film, Inc. v. Buono*, 847 F.3d 1108 (9th Cir. 2017); *Wolph v. Acer America Corp.*, 272 F.R.D. 477 (N.D. Cal. 2011); *Siemers v. Wells Fargo & Co.*, 243 F.R.D. 369 (N.D. Cal. 2007); *Miller v. Ghirardelli Chocolate Company*, 2014 WL 4978433 (N.D. Cal. 2014); *Miller v. Fuhu Inc.*, 2015 WL 7776794 (C.D. Cal. 2015). GSLLP also has significant experience in patent litigation and other highly technical class actions that will be extremely important here.  M&R attorneys have likewise obtained class certification in numerous consumer and civil rights cases including *Helmer v. Goodyear Tire & Rubber Co.*, Civil Action No. 12-cv-00685-RBJ-MEH, 2014 U.S. Dist. LEXIS 37501 (D. Colo. Mar. 21, 2014) and *Delandro v. County of Allegheny*, Case No. 06-927 (W.D. Pa.).  M&R attorneys also helped establish one of the most

generous standards for ascertainability at the appellate level as the lead brief writer in *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 535 (6th Cir. 2012), which affirmed class certification for several consumer classes who were overcharged insurance premiums because of a failure to harness technological advances in verifying the addresses of insureds.

In these leadership positions, GSLLP/M&R have obtained meaningful recoveries for their clients. GSLLP's and M&R's experience in other class cases will benefit the class and the prosecution of this case. For example, over the past decade, GSLLP and M&R and their attorneys have amassed significant experience handling such discovery in class action cases, including reviewing thousands of pages of documents, deposing employees of manufacturers, and consulting with experts, making these firms uniquely well-suited to serve as Interim Lead Class Counsel for the class.

**C.    GSLLP and M&R Have Substantial Experience in Leading the Prosecution of Class Actions on Behalf of Consumers and False Advertising and Products Liability Cases.**

GSLLP, M&R and their attorneys are experts in consumer class actions and prosecuting products liability cases in particular. Indeed, a significant amount of GSLLP's overall respective caseload and practices is dedicated to prosecuting consumer class actions in California, and their successes in these cases have significantly advanced the law. (Gutride Decl., Exh. A.) Success in these cases has required that GSLLP investigate complex factual records, apply various aspects of class action law, manage complex litigation (including ESI issues), organize discovery, prepare for trial and resolve the disputes. GSLLP has a demonstrable track record of success in these areas. In addition, in a pending putative product defect class action against FCA US LLC, M&R attorneys leveraged their expertise in electronic discovery to uncover several incriminating internal documents that compelled the Court to unseal almost the entire factual record following hotly contested motions. (Migliaccio Declaration ¶ 11).

Though a young firm, M&R attorneys have more than years of collective experience, with practices that focuses exclusively on aggregate litigation, principally on behalf consumers and workers. M&R routinely litigates cases on the frontiers of consumer protection laws and emerging

or recent technologies, such as this one. Success in these cases requires creativity, commitment, and a multi-disciplinary approach that, at a very early stage, combines scientific or technical knowledge with litigation know-how. M&R has used its unique approach in novel cases like this one to achieve meaningful results for thousands of class members. M&R's attorneys have successfully prosecuted numerous noteworthy wage and hour, civil rights, consumer protection, and environmental contamination cases, resulting in significant recoveries for class members. (Migliaccio Decl., ¶ 7).

**D.    GSLLP and M&R Have Substantial Experience in Leading the Prosecution of Class Actions on Behalf of Consumers and False Advertising and Products Liability Cases.**

GSLLP and M&R have the resources and experience to litigate complex cases of this magnitude and, as history has demonstrated, is committed to expending the time, energy and financial resources necessary to lead this litigation in the best interests of the class. GSLLP and M&R have a sufficient number of attorneys to staff this case, and have successfully managed complex, resource-intensive cases in the past. In successfully prosecuting class actions, GSLLP and M&R routinely advance the costs of litigation and have demonstrated an ability and willingness to dedicate its substantial resources to vigorously prosecute the claims of proposed class members. As reflected by the time and funds they have already committed to this case, GSLLP and MRLPP are prepared to continue to commit the resources necessary to effectively and vigorously prosecute this case to a successful conclusion.

**E.    GSLLP and M&R Have Advanced the Case.**

Rule 23(g)(1)(B) provides that the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." GSLLP and M&R have advanced the litigation since it was filed. Both firms have met and conferred with Defendants regarding scheduling matters, as well as a similar case that is pending in San Francisco Superior Court. Further, GSLLP and M&R have continued to investigate the claims alleged and have developed thereby a significant understanding of the industry, and the Defendants' practices, for the benefit of the class.

## V. CONCLUSION.

For the forgoing reasons, Plaintiffs respectfully submits that the Court should appoint as Interim Lead Counsel Gutride Safier LLP and Migliaccio & Rathod LLP, as set forth in the concurrently filed [Proposed] Order.

DATED: May 29, 2018

**GUTRIDE SAFIER LLP**

By ___/s/ Anthony J. Patek_____
Adam Gutride
Seth Safier
Anthony J. Patek
100 Pine Street, Suite 1250
San Francisco, CA  94111
Telephone:  (415) 639-9090
E-mail:  anthony@gutridesafier.com

**MIGLIACCIO & RATHOD LLP**

Nicholas Migliaccio
Jason Rathod
Esfand Nafisi
412 H Street, NE, Suite 302
Washington, D.C. 20002
Telephone:  (202) 470-3520
E-mail: nmigliaccio@classlawdc.com


*Counsel for Plaintiffs*