1   GIBSON, DUNN & CRUTCHER LLP
    CHARLES J. STEVENS, SBN 106981
2     cstevens@gibsondunn.com
    AUSTIN V. SCHWING, SBN 211696
3     aschwing@gibsondunn.com
    WINSTON Y. CHAN, SBN 214884
4     wchan@gibsondunn.com
    JOSHUA D. DICK, SBN 268853
5     jdick@gibsondunn.com
    PETER C. SQUERI, SBN 286249
6     psqueri@gibsondunn.com
    555 Mission Street, Suite 3000
7   San Francisco, CA 94105-0921
    Telephone:    415.393.8200
8   Facsimile:    415.393.8306

9   GIBSON, DUNN & CRUTCHER LLP
    JESSICA R. CULPEPPER, SBN 304336
10    jculpepper@gibsondunn.com
    333 South Grand Avenue
11  Los Angeles, CA 90071-3197
    Telephone:    213.229.7000
12  Facsimile:    213.229.7520

13  Attorneys for Defendant JUUL LABS, INC.

14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17

18  BRADLEY COLGATE, KAYTLIN              CASE NO. 18-cv-02499-WHO
    MCNIGHT, M.H., a minor, by her Mother and
19  Natural Guardian JENNIFER HELLMAN,    DEFENDANT JUUL LABS, INC.'S NOTICE
    L.B., a minor, by her Mother and Natural   OF MOTION AND MOTION TO STRIKE
20  Guardian, JILL NELSON, ANTHONY       PLAINTIFFS' NATIONWIDE CLASS
    SMITH, COREY SMITH, KACIE ANN        ALLEGATIONS PURSUANT TO FED. R.
21  LAGUN, A.U., a minor, by her mother and   CIV. P. 12(f), 23(c)(1)(A), 23(d)(1)(D) AND TO
    natural guardian, LISA COMMITANTE,   DISMISS NATIONWIDE CLASS CLAIMS
22  TOMMY BENHAM, and DAVID LANGAN       PURSUANT TO FED. R. CIV. P. 12(b)(1);
    on behalf of themselves, the general public and   MEMORANDUM OF POINTS AND
23  those similarly situated,            AUTHORITIES IN SUPPORT THEREOF

24                  Plaintiffs,          *[Proposed] Order filed concurrently herewith*

25           v.                          Hon. William H. Orrick, III

26  JUUL LABS, INC.; PAX LABS, INC.,     Hearing Date:     September 5, 2018
                                         Hearing Time:     2:00 p.m.
27                  Defendants.          Hearing Place:    Courtroom 2, 17th Floor
                                         Action Filed:     April 26, 2018
28                                       Trial Date:       None Set

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 5, 2018, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable William H. Orrick, III, in Courtroom 2, 17th Floor, of the United States District Court for the Northern District of California in the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant JUUL Labs, Inc. ("JUUL Labs" or "Defendant"), will and does move this Court, pursuant to Rules 12(f), 23(c)(1)(A), 23(d)(1)(d), and 12(b)(1) of the Federal Rules of Civil Procedure, and the Court's inherent authority, for an order striking Plaintiffs' nationwide class allegations on the ground that common questions do not predominate for Plaintiffs' putative nationwide classes and dismissing Plaintiffs' nationwide class claims on the ground that Plaintiffs do not have standing.

Defendant's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated: July 24, 2018                    GIBSON, DUNN & CRUTCHER LLP


By: _____/s/ *Austin V. Schwing*_____
                    Austin V. Schwing

Attorneys for Defendant JUUL LABS, INC.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................... 1

II. SUMMARY OF ALLEGATIONS ......................................................................... 2

III. LEGAL STANDARD .............................................................................................. 3

IV. ARGUMENT ........................................................................................................... 4

    A. Nationwide-Class Treatment Is Improper Under Rule 23 When Multiple and Varying State Laws Must Be Applied ......................................................... 5

        1. Substantial Variations In State Consumer Protection Laws Preclude Nationwide Class Certification ........................................................... 6

        2. Substantial Variations In State Laws Regarding Plaintiffs' Remaining Eight Claims Preclude Nationwide Class Certification ........................ 7

            a. California's Choice Of Law Analysis Requires Application of Multiple States' Laws To Each Claim ................................ 8

            b. There Are Material Differences Among The Laws of Each State ........ 9

                (i) Negligent Misrepresentation ..................................... 9

                (ii) Unjust Enrichment ................................................. 11

                (iii) Strict Liability – Design Defect, Manufacturing Defect And Failure To Warn ......................................... 13

                (iv) Implied Warranty Of Merchantability ..................... 15

                (v) Express Warranty .................................................. 17

                (vi) Fraud ................................................................. 18

            c. The Foreign States Have A Superior Interest In Applying Their Laws .................................................................................. 20

    B. Plaintiffs Lack Standing To Maintain A Nationwide Class Action Under All 50 States' Laws ........................................................................... 22

V. CONCLUSION ...................................................................................................... 24

Gibson, Dunn &

Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*695 Atlantic Ave. Co., LLC v. Commercial Const. Consulting, Inc.*,
  No. 04-P-1129, 2005 WL 2291192 (Mass. App. Ct. 2005)............................................................10

*Alejandre v. Bull*,
  159 Wash.2d 674 (2007)............................................................11

*Alligood v. Taurus Intern. Mfg., Inc.*,
  2009 WL 8387645 (S.D. Ga. Mar. 4, 2009) ............................................................17

*Andren v. Alere, Inc.*,
  No.: 16CV1255-GPC(AGS), 2017 WL 6509550 ............................................................11, 12

*Anschutz Corp. v. Merrill Lynch & Co., Inc.*,
  690 F.3d 98 (2d Cir. 2012) ............................................................10

*Astrium S.A.S. v. TRW Inc.*,
  197 Fed. Appx. 575 (9th Cir. 2006) ............................................................10

*B.G.'s, Inc. v. Gross*,
  23 P.3d 691 (Colo. 2001) ............................................................14

*Baskett v. Banks*,
  45 S.E.2d 173 (Va. 1947) ............................................................14

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) ............................................................3

*Bias v. Wells Fargo & Co.*,
  312 F.R.D. 528 (N.D. Cal. 2015) ............................................................6, 11, 12, 22

*Bilt-Rite Contractors, Inc. v. The Architectural Studio*,
  581 Pa. 454 (2005) ............................................................11

*Bily v. Arthur Young & Co.*,
  3 Cal.4th 370, 834 P.2d 745-58 (1992) ............................................................10

*Board of County Comm'r of Garret County v. Bell Atlantic*,
  695 A.2d 171 (Md. 1997) ............................................................14

*Bower v. AT&T Mobility, LLC*,
  196 Cal. App. 4th 1545 (Cal. App. 2011) ............................................................18

*In re Bridgestone/Firestone, Inc.*,
  288 F.3d 1012 (7th Cir. 2002) ............................................................13, 18, 22

Gibson, Dunn &
Crutcher LLP

*California Federal Bank v. Matreyek*,
    8 Cal. App. 4th 125 (1992) ...............................................................................................12

*In re Carrier IQ, Inc., Con. Priv. Litig.*,
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ...................................................................4, 8, 23

*Castano v. American Tobacco Co.*,
    84 F.3d 734 (5th Cir. 1996)...........................................................................................13, 18

*Chase Bank of Texas, N.A. v. Grant Thorton LLP*,
    No. 236237, 2003 WL 21350362 (Mich. Ct. App. June 10, 2003) ................................10

*In re Clearly Canadian Sec. Litig.*,
    875 F. Supp. 1410 (N.D. Cal. 1995) .................................................................................3

*Cline v. Prowler Indus.*,
    418 A.2d 968 (Del. 1980) ................................................................................................13

*Cole v. General Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007).............................................................................................16

*Cover v. Windsor Surry Co.*,
    No. 14-CV-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016)............................4, 8, 9, 21

*Daly v. General Motors Corp.*,
    20 Cal.3d 725 (1978) .......................................................................................................14

*Darisse v. Nest Labs, Inc.*,
    No. 5:14-CV-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016)...6, 16, 17, 18, 19, 20, 22

*Debbs v. Chrysler Corp.*,
    810 A.2d 137 (Pa. Super. Ct. 2002) ................................................................................19

*In re Ditropan XL Antitrust Litig.*,
    529 F. Supp. 2d 1098 (N.D. Cal. 2007) ...........................................................................23

*Ellison v. Lopez*,
    959 A.2d 395 (Pa. Super. Ct. 2008) ................................................................................19

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)............................3, 4

*Fenerjian v. Nongshim Co., Ltd*,
    72 F. Supp. 3d 1058 (N.D. Cal. 2014) ............................................................................23

*Fieldstone Co. v. Briggs Plumbing Prods, Inc.*,
    54 Cal. App. 4th 357 (1997) ...........................................................................................16

*Fischer v. Mead Johnson Laboratories*,
    41 A.D. 2d 737 (1973) .....................................................................................................18

Gibson, Dunn &

Crutcher LLP

*Fisher v. Bristol-Myers Squibb Co.*,
    181 F.R.D. 365 (N.D. Ill. 1998) .................................................................................................13

*In re Flash Memory Antitrust Litig.*,
    643 F. Supp. 2d 1133 (N.D. Cal. 2009) ....................................................................................23

*Foodland Distrib. v. Al-Naimi*,
    559 N.W.2d 379 (Mich. App. 1996) ..........................................................................................19

*Foster v. St. Jude Medical, Inc.*,
    229 F.R.D. 599 (D. Minn. July 26, 2005) ..................................................................................15

*Frenzel v. AliphCom*,
    76 F. Supp. 3d 999 (N.D. Cal. 2014) ...........................................................................................8

*Gaidon v. Guardian Life Ins. Co. of Am.*,
    725 N.E.2d 598 (N.Y. 1999) ......................................................................................................19

*Gianino v. Alacer Corp.*,
    846 F. Supp. 2d 1096 (C.D. Cal. 2012) ................................................................................7, 19

*In re Graphics Processing Units Antitrust Litig.*,
    527 F. Supp. 2d 1011 (N.D. Cal. 2007) ....................................................................................23

*Greenman v. Yuba Power Products*,
    59 Cal.2d 57 (1963) ...................................................................................................................13

*Guzman v. Mrm/Elgin*,
    409 Mass. 563 (1991) ................................................................................................................13

*Hannibal Pictures, Inc. v. Sonja Prods. LLC*,
    432 Fed. Appx. 700 (9th Cir. 2011) ...........................................................................................10

*Hindsman v. General Motors LLC*,
    2018 WL 2463113 (N.D. Cal. June 1, 2018) .............................................................................23

*Hughes v. Ester C Co.*,
    317 F.R.D. 333 (E.D.N.Y. 2016) .........................................................................................10, 12

*In re Hyundai & Kia Fuel Econ. Litig.*,
    881 F.3d 679 (9th Cir. 2018) .......................................................................................5, 7, 8, 21

*John R. Cowley & Bros., Inc. v. Brown*,
    569 So.2d 375 (Ala. 1990) .........................................................................................................14

*Johnson v. Nissan N. Am., Inc.*,
    272 F. Supp. 3d 1168 (N.D. Cal. 2017) ...........................................................................3, 4, 23

*Keegan v. American Honda Motor Co., Inc.*,
    284 F.R.D. 504 (C.D. Cal. 2012) ..............................................................................................18

Gibson, Dunn &
Crutcher LLP

*Larsen v. Vizio, Inc.*,
    2015 WL 13655757 (C.D. Cal. 2015).........................................................................19

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*,
    211 F.R.D. 228 (S.D.N.Y. 2002) .......................................................................18, 19, 22

*Maki v. Aluminum Bldg. Prods.*,
    73 Wash.2d 23 (1968) ...............................................................................................15

*Maloney v. Microsoft Corp.*,
    2011 WL 5864064 (D. N.J. Nov. 21, 2011)................................................................16

*Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc.*,
    No. C 10-02906 WHA, 2011 WL 11501 (N.D. Cal. Jan. 4, 2011)................................7

*Marsh v. First Bank of Del.*,
    No. 11-CV-05226-WHO, 2014 WL 2085199 (N.D. Cal. May 19, 2014) ............................1, 6, 22

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012)..........................................1, 5, 6, 7, 8, 11, 20, 21, 22

*McCann v. FosterWheeler LLC*,
    48 Cal. 4th 68 (2010) .........................................................................................9, 20, 21

*Metris U.S.A., Inc. v. Faro Techs., Inc.*,
    882 F. Supp. 2d 160 (D. Mass. 2011) .......................................................................19

*Mollicone v. Universal Handicraft, Inc.*,
    2017 WL 440257 (C.D. Cal. Jan. 30, 2017) .............................................................23

*Morales v. Unilever U.S., Inc.*,
    No. 2:13-CV-2213 WBS, 2014 WL 1389613 (E.D. Cal. Apr. 9, 2014).......................23

*N. Am. Chemical Co. v. Superior Court*,
    59 Cal. App. 4th 764 (1997) .....................................................................................10

*In re Northern Dist. Of California, Dalkon Shield IUD Products Liability Litig.*,
    693 F.2d 847 (9th Cir. 1982).....................................................................................15

*In re Packaged Ice Antitrust Litig.*,
    779 F. Supp. 2d 642 (E.D. Mich. 2011) ...................................................................11

*Pardini v. Unilever United States, Inc.*,
    961 F. Supp. 2d 1048 (N.D. Cal. 2013) ...................................................................23

*Phillips v. J.L. Hudson Co.*,
    79 Mich. App. 425 (1977)...........................................................................................13

*In re Potash Antitrust Litig.*,
    667 F. Supp. 2d 907 (N.D. Ill. 2009) .......................................................................12

Gibson, Dunn &
Crutcher LLP

v

*Randi A.J. v. Long Island Surgi-Ctr.*,
  46 A.D. 3d 74 (N.Y. App. Div. 2007) ............................................................................. 15

*Rees v. PNC Bank, N.A.*,
  308 F.R.D. 266 (N.D. Cal. 2015) ...................................................................................... 3

*Rikos v. Procter & Gamble Co.*,
  2012 WL 641946 (S.D. Ohio Feb. 28, 2012) .................................................................. 21

*Roberts v. Saffell*,
  760 N.W.2d 715 (Mich. Ct. App. 2008) .......................................................................... 19

*Rodriguez v. Instagram, LLC*,
  2013 WL 3732883 (N.D. Cal. July 15, 2013) ................................................................. 22

*Rosener v. Sears, Roebuck & Co.*,
  168 Cal. Rptr. 237 (Cal. Ct. App. 1980) ......................................................................... 19

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................... 4, 16, 18

*In re SciMed Securities Litigation*,
  1993 WL 616692 (D. Minn. 1993) ................................................................................... 18

*In re Seventh Jud. Dist. Asbestos Litig. v. Armstrong World Indus.*,
  593 N.Y.S. 2d 685 (N.Y. App. Div. 1987) ...................................................................... 15

*Singer v. Beach Trading Co., Inc.*,
  379 N.J. Super. 63 (App. Div. 2005) ............................................................................... 11

*Smith v. Fiber Controls Corp.*,
  268 S.E.2d 504 (N.C. 1980) ............................................................................................. 14

*Stieneke v. Russi*,
  190 P.3d 60 (Wash. Ct. App. 2008) ................................................................................. 19

*Stoecker v. Echevarria*,
  975 A.2d 975 (N.J. Super. Ct. App. Div. 2009) .............................................................. 19

*Taison Comm's, Inc. v. Ubiquiti Networks, Inc.*,
  308 F.R.D. 630 (N.D. Cal. 2015) ............................................................................... 18, 22

*Thompson v. Jiffy Lube Intern., Inc.*,
  250 F.R.D. 607 (D. Kan. 2008) ........................................................................................ 12

*Van Mourik v. Big Heart Pet Brands, Inc.*,
  No. 3:17-CV-03889-JD, 2018 WL 1116715 (N.D. Cal. Mar. 1, 2018) ...................... 11, 18

*Vista Healthplan, Inc. v. Cephalon, Inc.*,
  No. 2:06-CV-1833, 2015 WL 3623005 (E.D. Pa. June 10, 2015) ................................... 12

Gibson, Dunn & Crutcher LLP

*Wash. Mut. Bank, FA v. Superior Court*,
    24 Cal. 4th 906 (2001) ............................................................................................8, 9

*Wingfield v People's Drug Store*,
    379 A.2d 685 (D.C. 1994)...............................................................................................14

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001).........................................................................................21

**Statutes**

14 M.R.S.A. § 156 ..............................................................................................................14

42 P.S. § 7102 .....................................................................................................................14

A.C.A. § 16-64-122.............................................................................................................14

Cal. Bus. & Prof. Code § 17200 ..........................................................................................2

Cal. Bus. & Prof. Code § 17500 ..........................................................................................2

Cal. Civ. Code § 1750 ..........................................................................................................2

Cal. Civil Code § 3294(a) ..................................................................................................15

M.C.L.A. § 600.2959 .........................................................................................................14

M.G.L.A. 231 § 85 .............................................................................................................14

N.J.S.A. § 2A:15-5.1...........................................................................................................14

R.C.W.A. §§ 4.22.005-015 .................................................................................................14

S.D.C.L. § 20-9-2 ...............................................................................................................14

**Rules**

Fed. R. Civ. P. 12(f) .............................................................................................................3

Fed. R. Civ. P. 23(c)(1)(A) ..................................................................................................3

Fed. R. Civ. P. 23(d)(1)(D) ..................................................................................................3

N.Y. C.P.L.R. § 1411 .........................................................................................................14

**Other Authorities**

Candace S. Kovacic, *A Proposal to Simplify Quantum Meruit Litigation*,
    35 Am. U.L. Rev. 547 (1986) .........................................................................................11

DEFENDANT JUUL LABS, INC.'S MOTION TO STRIKE AND DISMISS PLAINTIFFS' CLASS ALLEGATIONS
CASE NO. 18-CV-02499-WHO

Gibson, Dunn &
Crutcher LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs propose to bring eleven causes of action on behalf of a proposed, sprawling nationwide class of "[a]ll persons who purchased . . . a JUUL e-cigarette and/or JUULpods" anywhere in the United States at any time, and a proposed subclass of all such persons who purchased a JUUL product while they were under the age of 18.  First Amended Complaint ("FAC") Dkt. 24 at ¶¶ 162–63.  It is readily apparent from Plaintiffs' First Amended Complaint ("FAC"), however, that these proposed nationwide classes are unmanageable and cannot be certified because Plaintiffs' claims require the application of numerous states' laws, which vary considerably and in several material respects, and because Plaintiffs lack standing to bring claims under the laws of states in which they do not reside.

Plaintiffs expressly purport to bring three of their claims (consumer protection claims) under the laws of *all 50 states* and the District of Columbia.  Although Plaintiffs do not identify any governing law for their remaining eight claims, the required choice of law analysis dictates that the laws of each state in which a class member resides would apply, and therefore adjudication of these claims would also require applying the substantive law of all 50 states.  As explained below, a nationwide class would be inappropriate because material variations among the laws of the many states would require detailed inquiries into the legal elements, recognized defenses, and remedies applicable under each state's laws, which would "overwhelm common issues and preclude predominance."  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 595–96 (9th Cir. 2012).  This Court, and many others, have recognized that "[c]ourts routinely deny class certification where the laws of multiple states must be applied."  *Marsh v. First Bank of Del.*, No. 11-CV-05226-WHO, 2014 WL 2085199, at *7 (N.D. Cal. May 19, 2014).  Because it would be impossible for Plaintiffs to maintain the nationwide classes they propose, this Court should strike Plaintiffs' nationwide class allegations pursuant to Rule 12(f), 23(c)(1)(A), and 23(d)(1)(D).

Plaintiffs also lack standing to pursue a nationwide class because their proposed class representatives are, collectively, residents of only seven states, and they lack a sufficient connection to

1  the remaining states to bring claims under those states' laws.  For this reason, Plaintiffs' nationwide

2  class claims should be dismissed for lack of standing under Rule 12(b)(1).

## II.    SUMMARY OF ALLEGATIONS

Plaintiffs allege that JUUL Labs, Inc. ("JUUL Labs") is the market-leading manufacturer of Electronic Nicotine Delivery Systems ("ENDS"), including the JUUL device and JUULpods.  *See* FAC ¶¶ 66–67 (Dkt. No. 24).  JUUL ENDS are intended for and marketed to adults, in order to provide a much-needed alternative to smoking combustible cigarettes.  "Tobacco use remains the single largest preventable cause of death and disease in the United States.  Cigarette smoking kills more than 480,000 Americans each year."[1]  "In 2016, more than 15 of every 100 U.S. adults aged 18 years or older (15.5%) currently smoked cigarettes.  This means an estimated 37.8 million adults in the United States currently smoke cigarettes. More than 16 million Americans live with a smoking-related disease."[2]  ENDS like JUUL provide nicotine without generating high levels of carcinogens and poisons produced through the burning associated with traditional combustible cigarettes, such as tar, ammonia, and arsenic.

Plaintiffs—seven adults and three minors from seven states (California, Massachusetts, Michigan, New Jersey, New York, Pennsylvania, and Washington)—allege that they purchased and/or used JUUL products but vaguely assert they would not have done so had they "known the truth of the matter about JUUL."  *See* FAC ¶¶ 15, 18.  Although the Plaintiffs are from only seven states, they seek to represent a class of "[a]ll persons who purchased, in the United States, a JUUL e-cigarette and/or JUULpods," and a subclass of underage purchasers who purchased JUUL products illegally.  FAC ¶¶ 162–65.  Plaintiffs assert eleven separate and far-flung causes of action: (1) False Advertising (under Cal. Bus. & Prof. Code § 17500 ("FAL") and "the laws of all other states"); (2) Consumer Legal Remedies Act (under Cal. Civ. Code § 1750 ("CLRA") and "similar laws of other states"); (3) Fraud; (4) Unfair, Unlawful and Deceptive Trade Practices (under Cal. Bus. & Prof. Code § 17200 ("UCL") and "the laws of all other states"); (5) Unjust Enrichment; (6) Strict Liability – Failure to Warn; (7) Strict Liability – Design Defect; (8) Strict Liability – Manufacturing Defect; (9) Breach of Implied

---

[1]  https://www.cdc.gov/tobacco/campaign/tips/resources/data/cigarette-smoking-in-united-states.html.

[2]  https://www.cdc.gov/tobacco/data_statistics/fact_sheets/adult_data/cig_smoking/index.htm

Warranty of Merchantability; (10) Breach of Express Warranty; and (11) Negligent Misrepresentation. And, again, even though Plaintiffs are from only seven states, they purport to bring three of their claims under the laws of all 50 states (counts I, II, and IV.)  With respect to the remaining claims, Plaintiffs do not indicate which states' laws they believe applies, but as addressed below, the laws of each putative class member's state of residence would apply to his or her claims.

### III.   LEGAL STANDARD

Under Rule 12(f), courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Redundant matter "is defined as a needless repetition of allegations[,]" or allegations "that are wholly foreign to the issues involved." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271–72 (N.D. Cal. 2015).  "A matter is immaterial if it has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* at 271 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)); *see also In re Clearly Canadian Sec. Litig.*, 875 F. Supp. 1410, 1420-21 (N.D. Cal 1995) (*sua sponte* striking, pursuant to Rule 12(f), various immaterial and/or redundant allegations).  A matter is impertinent "if it consists of statements that do not pertain to and are not necessary to the issues in question." *Rees*, 308 F.R.D. at 271.  "The function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy, Inc.*, 984 F.2d at 1527.  Rule 23(c)(1)(A) mandates that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Rule 23(d)(1)(D) similarly permits this Court to "issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Taken together, these Rules permit district courts to resolve class claims at the pleading stage where it is plain from the pleadings that the class cannot be certified.

Courts may also dismiss unrepresented class claims at the motion to dismiss stage under Rule 12(b)(1) for lack of standing.  *See Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing is a threshold matter central to our subject matter jurisdiction.").

Striking class allegations at the motion to dismiss stage is appropriate "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 99091 (N.D. Cal. 2009) (striking class claims pursuant to Rule 12(f) motion). In addition, the burden of nationwide class discovery and concerns regarding case management counsel in favor of addressing nationwide class allegations at the earliest practicable time, where, as here, it is clear that such allegations cannot succeed. *See In re Carrier IQ, Inc., Con. Priv. Litig.*, 78 F. Supp. 3d 1051, 1074 (N.D. Cal. 2015) ("The Court has reservations of subjecting the [defendant] to the expense and burden of nationwide discovery without Plaintiffs first securing actual plaintiffs who clearly have standing and are willing and able to assert claims under these state laws."); *Johnson*, 272 F. Supp. 3d at 1175 (addressing class-standing issues on a motion to dismiss because "plaintiffs have two named class representatives in two states purporting to represent a nationwide class, creating the significant burden of nationwide discovery"); *see also Fantasy*, 984 F.2d at 1528 (affirming order granting motion to strike allegations that "created serious risks of prejudice to [defendant], delay, and confusion of the issues").

This Court has previously recognized that it is appropriate to analyze issues that may undermine the viability of a putative nationwide class, such as class standing and choice of law, at the motion to dismiss stage. *Cover v. Windsor Surry Co.*, No. 14-CV-05262-WHO, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016) (analyzing choice of law at the motion to dismiss stage and recognizing that "[m]ultiple California district courts have applied *Mazza* at a motion to dismiss stage" as well (quotations omitted)); *Johnson*, 272 F. Supp. 3d at 1175 ("join[ing] the several other judges in this circuit who have addressed the [nationwide class standing] question" at the pleading stage). As addressed below, the FAC's own allegations, as well as the Ninth Circuit's decisions make plain that this case cannot proceed on behalf of a nationwide class.

## IV.   ARGUMENT

Plaintiffs improperly propose to bring eleven causes of action on behalf of a proposed, sprawling nationwide class of "[a]ll persons who purchased . . . a JUUL e-cigarette and/or JUULpods" anywhere in the United States at any time, and a proposed subclass of all such persons who purchased a JUUL product while they were under the age of 18. FAC at ¶¶ 162–63. Plaintiffs specifically purport

to bring their three consumer protection claims (counts I, II, and IV) under the laws of their seven home states "*and* the laws of *all other* states and the District of Columbia." *Id.* ¶¶ 178, 188, 212 (emphasis added). With respect to the remaining eight claims, although Plaintiffs fail to identify what state laws govern, California's choice of law analysis, which must be applied when a governing law is not selected, leads to the conclusion that the individual laws of each putative class member's state of residence would govern his or her claims. And because Plaintiffs attempt to bring a class action on behalf of all JUUL purchasers in the United States, this necessarily means that the laws of the 50 states would come into play, application of which would create an avalanche of individualized inquiries and make class adjudication unmanageable. As such, the proposed classes utterly and hopelessly fail the predominance requirement of Rule 23(b)(3), and it is clear that these nationwide classes cannot be certified.

Moreover, Plaintiffs lack standing to pursue a nationwide class because their proposed class representatives are, collectively, residents of only seven states, and they lack a sufficient connection to the remaining states to bring claims under those states' laws. Accordingly, Plaintiffs' nationwide class claims should be dismissed under Rule 12(b)(1).[3]

## A. Nationwide-Class Treatment Is Improper Under Rule 23 When Multiple and Varying State Laws Must Be Applied

Plaintiffs seek to represent a nationwide class asserting claims under the laws of their states of residence and the 50 states and the District of Columbia. FAC ¶ 162. In the context of "a multi-state class action, variations in state law may swamp any common issues and defeat predominance." *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679, 691 (9th Cir. 2018) (quotations omitted). Indeed, "variances in state law overwhelm common issues and preclude predominance." *Mazza*, 666 F.3d at 595. This is because such variations necessitate detailed inquiries into the legal elements, defenses, statutes of limitations, and remedies under each state's laws, and the ways in which those factors affect each class member's claims—inquiries that destroy the very efficiencies that class actions are supposed

---

[3] JUUL does not believe that class certification is appropriate in this case applying any state's laws. Nevertheless, this motion is limited to the obviously defective nationwide class allegations. JUUL respectfully reserves all rights to challenge class certification on any grounds at a later date if this case proceeds.

DEFENDANT JUUL LABS, INC.'S MOTION TO STRIKE AND DISMISS PLAINTIFFS' CLASS ALLEGATIONS
CASE NO. 18-CV-02499-WHO

Gibson, Dunn &
Crutcher LLP

to achieve. *See Darisse v. Nest Labs, Inc.*, No. 5:14-CV-01363-BLF, 2016 WL 4385849, at *15 (N.D. Cal. Aug. 15, 2016) ("Because the laws of 50 states must be applied in this case, common questions of law do not predominate over the questions affecting individual class members as required by Rule 23(b)(3)."). Accordingly, courts within this District—and across the country— routinely deny class certification for lack of commonality or predominance, or both, when variations in state law exist. *See, e.g.*, *Darisse*, 2016 WL 4385849, at *15 (denying class certification where claims were "different from state to state"); *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015) ("[C]ertification of a nationwide . . . class is improper under Rule 23 because material variations in state law would predominate."); *Marsh*, 2014 WL 2085199, at *7 ("'Courts routinely deny class certification where the laws of multiple states must be applied.'") (citation omitted).

### 1. Substantial Variations In State Consumer Protection Laws Preclude Nationwide Class Certification

There can be no dispute that consumer protection laws vary substantially and in key material respects from state to state. This is dispositive and fatal to Plaintiffs' attempt to bring a nationwide class action with respect to their three consumer protection claims (counts I, II and IV). In *Mazza*, the Ninth Circuit expressly recognized that significant variations exist between the consumer protection statutes of California and those of other states, *and* that in multi-state class actions, these state-specific legal inquiries eclipse any common issues. *Mazza*, 666 F.3d at 591, 595–96. The Court held that these differences, including with respect to the essential elements of scienter, reliance, and damages, are numerous and are "*not* trivial or wholly immaterial." *Id.* at 591 (emphasis added). Put simply, there are material conflicts between California's consumer protection laws and the consumer protection laws of the other 49 states. The key material differences include, among others:

- *Reliance*: California "requires named class plaintiffs to demonstrate reliance, while some other states' consumer protection statutes do not." *Mazza*, 666 F.3d at 591 (collecting cases).

- *Scienter*: "California laws at issue here have no scienter requirement, whereas many other states' consumer protection statutes do require scienter." *Id.* (collecting cases).

- *Remedies*: "While some states permit recovery of damages, including Arizona, Alaska, Hawaii, Illinois, Indiana, Massachusetts, New Hampshire, Rhode Island, South Dakota, and Texas; other states limit the available remedies to equitable or restitutionary relief, including

Gibson, Dunn &
Crutcher LLP

California (UCL and FAL), Georgia, and Utah.  In addition, at least eight states do not permit punitive damages, including California (UCL and FAL), Louisiana, Maine, Missouri, New Jersey, South Carolina, South Dakota, and Tennessee." *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1100-01 (C.D. Cal. 2012) (internal citations omitted).

These core differences are "not trivial or wholly immaterial" because they determine whether a claim is viable and, if so, the remedies that can be obtained.  As the Ninth Circuit explained in *Mazza*: "In cases where a defendant acted without scienter, a scienter requirement will spell the difference between the success and failure of a claim.  In cases where a plaintiff did not rely on an alleged misrepresentation, the reliance requirement will spell the difference between the success and failure of the claim."  666 F.3d at 591.

Because the consumer protection laws of these jurisdictions vary in material respects, adjudicating Plaintiffs' claims on a nationwide class basis will require detailed consideration of the different legal issues under each state's laws, a task that will eclipse common questions, preclude a finding of predominance, and make the case wholly unmanageable.  *See In re Hyundai*, 881 F.3d at 691; *Mazza*, 666 F.3d at 595–96.  Plaintiffs' nationwide class claims cannot succeed and the court should strike Plaintiffs' nationwide class allegations for Counts I, II, and IV.

## 2. Substantial Variations In State Laws Regarding Plaintiffs' Remaining Eight Claims Preclude Nationwide Class Certification

Plaintiffs do not specify under which state's laws they purport to bring their remaining eight causes of action for (3) Fraud; (5) Unjust Enrichment; (6) Strict Liability – Failure to Warn; (7) Strict Liability – Design Defect; (8) Strict Liability – Manufacturing Defect; (9) Breach of Implied Warranty of Merchantability; (10) Breach of Express Warranty; and (11) Negligent Misrepresentation (the "remaining claims").  When a plaintiff does not identify the governing law, federal courts in California apply California's choice of law rules to determine whether conflicts with other states' laws prevent applying California law.  *Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc.*, No. C 10-02906 WHA, 2011 WL 11501, at *2 (N.D. Cal. Jan. 4, 2011).  Application of California's choice of law principles mandates that, just like the consumer protection claims, the individual laws of each putative class member's home state will govern these claims.  As a result, these claims face the same problem as the consumer protection claims: the detailed analysis that will be necessary to apply each state's

Gibson, Dunn &
Crutcher LLP

laws to the putative class members would overwhelm common questions and preclude predominance and class certification. *See In re Hyundai*, 881 F.3d at 691; *Mazza*, 666 F.3d at 595–96.

Because it is clear that Plaintiffs cannot certify a nationwide class on these claims, this court should strike Plaintiffs' nationwide class allegations now. "[T]his is not a case in which further development of the factual record is reasonably likely to materially impact the choice of law determination." *Cover*, 2016 WL 520991, at *5. Plaintiffs' "residency and the location of the pertinent details regarding [their] claims are known," and the choice of law determination is driven by the same basic facts pertinent to most consumer transactions. *Id*. Where, as here, further development of the factual record is not reasonably likely to materially impact the choice of law determination "deferring choice of law analysis until class certification" is not "warranted by the inquiry's fact-specific nature or beneficial to plaintiffs in any meaningful way." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1007–08 (N.D. Cal. 2014). The burden of nationwide class discovery and concerns regarding case management counsel in favor of striking nationwide class allegations at the pleading stage. *See In re Carrier IQ*, 78 F. Supp. 3d at 1074. It would make no sense, and be a waste of judicial and party resources, to proceed through expensive and burdensome class certification discovery, when it is clear *now* that Plaintiffs' proposed nationwide classes cannot be certified. Accordingly, "[i]t is not necessary to delay consideration of the choice-of-law issues until class certification" and this Court can, and should, strike Plaintiffs' nationwide class allegations. *Cover*, 2016 WL 520991, at *5.

### a.    California's Choice Of Law Analysis Requires Application of Multiple States' Laws To Each Claim

"[C]hoice-of-law and conflict of laws issues are significant when certification of a nationwide class is sought," and the Court must consider the controlling choice of law analysis to determine whether class adjudication is appropriate. *Wash. Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 922 (2001); *In re Hyundai and Kia Fuel Economy Litig.*, 881 F.3d at 700 (holding that "the district court abused its discretion by failing to conduct a choice of law analysis or rigorously analyze potential differences in state consumer protection laws before certifying a single nationwide settlement class under Rule 23(b)(3)"). A federal court sitting in diversity applies the choice-of-law rules of its forum state. *See Mazza*, 66 F.3d at 589. "California follows a three-step 'governmental interest analysis' to

Gibson, Dunn &
Crutcher LLP

address conflict of law claims and ascertain the most appropriate law applicable to the issues." *Wash. Mut. Bank*, 24 Cal. 4th at 919. First, the Court determines whether there are material differences in the law of each potentially affected jurisdiction. *Id.* Second, if there are differences, the Court determines whether each affected jurisdiction has an interest in having its law apply. *Id*. If there are material differences, the Court must compare the respective interests of the states and determine which state's interest "would be more impaired if its laws were not applied." *Id*; *see also McCann v. FosterWheeler LLC*, 48 Cal. 4th 68, 83, 87-88 (2010); *Cover*, 2016 WL 520991, at *6. Application of this test to Plaintiffs' claims requires that the *laws of each putative class member's home state* apply to each cause of action.

### b.  There Are Material Differences Among The Laws of Each State

California law differs from the laws of other states in relevant and material ways for all of Plaintiffs' remaining causes of action. Indeed, even if one merely focuses on the states in which the named plaintiffs reside—California, Massachusetts, Michigan, New Jersey, New York, Pennsylvania, and Washington—as a representative sample, the wide variations between the states' laws are readily apparent. Several of the key differences among these states' laws and others are identified below.

### (i)  Negligent Misrepresentation

State laws on negligent misrepresentation vary greatly. As one district court succinctly explained it, there are substantial differences amongst the laws of the 50 states that preclude class certification; in fact, many states do not even recognize such a cause of action:

> "Turning to Plaintiffs' claim for negligent misrepresentation, the Court finds that there are sufficiently significant variations between the laws of the fifty states to defeat Rule 23(b)(3)'s predominance requirement. The most obvious variation—which, in itself, is enough to deny class certification—is that not every State recognizes the tort of negligent misrepresentation, and some states only recognize it under certain circumstances. For example, as Plaintiffs concede, Arkansas and Idaho do not recognize negligent misrepresentation. (Dkt. 103 at ECF 16.) Virginia also 'does not recognize a general cause of action for negligent misrepresentation,' except as 'an action for constructive fraud.' (Dkt. 103–3 at ECF 11 (citing *Zaklit v. Global Linguist Solutions, LLC*, 1:14CV314, 2014 WL 3109804, at *19 (E.D. Va. July 8, 2014) and *Smith v. Flagstar Bank*, 3:14-CV-741, 2015 WL 1221270, at *5 (E.D. Va. Mar. 17, 2015).) And Indiana only recognizes a cause of action for negligent representation 'in the limited context of an employer-employee relationship.' *Bledsoe v. Capital One Auto Fin.*, 1:14–CV–02109, 2016 WL 1270206, at *8 (S.D. Ind. Mar. 31, 2016). Thus, courts have declined to certify nationwide classes based on negligent misrepresentation because the laws of fifty states

have 'material' differences, which could 'mean the difference between success and failure' of a plaintiff's claims.  *See, e.g., Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1102 (C.D. Cal. 2012)."

*Hughes v. Ester C Co.*, 317 F.R.D. 333, 352 (E.D.N.Y. 2016).

Even for states that do recognize the tort of negligent misrepresentation, they vary widely in terms of the elements of that tort.  For example, the requirement of privity varies from state to state. In California, there is no privity requirement for negligent misrepresentation claims.  *See Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 834 P.2d 745-58 (1992).  This is materially different from New York and Michigan, both of which require plaintiffs to show privity or some special relationship with the defendant to sustain a negligent misrepresentation claim.  *See Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 113 (2d Cir. 2012); *Chase Bank of Texas, N.A. v. Grant Thorton LLP*, No. 236237, 2003 WL 21350362, at *4 (Mich. Ct. App. June 10, 2003).  Privity is a material issue in this case because many of the putative class members are not in privity with JUUL Labs since they purchased JUUL products from third parties.

The economic loss rule is another point of divergence.  Under the economic loss rule, "in actions arising from the sale or purchase of a defective product, plaintiffs seeking economic losses must be able to demonstrate that either physical damage to property (other than the defective product itself) or personal injury accompanied such losses; if they cannot, then they would be precluded from any tort recovery in strict liability or negligence."  *N. Am. Chemical Co. v. Superior Court*, 59 Cal. App. 4th 764, 777 (1997).  California law is unsettled on whether the economic loss rule applies to negligent misrepresentation claims, and courts will often determine whether the rule should apply on a case-by-case basis depending on how strong the evidence is of fraudulent activity.  *See Astrium S.A.S. v. TRW Inc.*, 197 Fed. Appx. 575, 577 (9th Cir. 2006) (district court did not err in holding negligent misrepresentation claim barred by economic loss rule); *Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 Fed. Appx. 700, 701 (9th Cir. 2011) (jury verdict in favor of negligent misrepresentation claim was not precluded by economic loss rule).

By contrast, in Massachusetts, New Jersey, and Pennsylvania, the law is settled that the economic loss rule does not apply to negligent misrepresentation claims.  *See 695 Atlantic Ave. Co.,*

*LLC v. Commercial Const. Consulting, Inc.*, No. 04-P-1129, 2005 WL 2291192, at *3 (Mass. App. Ct. 2005) ("[A]n exception to the economic loss doctrine permits recovery for economic losses resulting from negligent misrepresentation."); *Singer v. Beach Trading Co., Inc.*, 379 N.J. Super. 63, 73-74 (App. Div. 2005) ("A 'negligent misrepresentation' constitutes '[a]n incorrect statement, negligently made and justifiably relied on, [and] may be the basis for recovery of damages for economic loss'" (citations and quotations omitted)); *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 477 (2005) ("economic losses resulting from negligent misrepresentation are an exception to the economic loss doctrine."). And in Washington, the economic loss rule always applies to negligent misrepresentation claims. *Alejandre v. Bull*, 159 Wash.2d 674, 686 (2007). This issue is material as Plaintiffs primarily allege economic injuries resulting from the purchase of JUUL products, which they allege they would not have purchased had they "known the truth of the matter about JUUL." *See* FAC ¶¶ 15, 18. If plaintiffs are not able to demonstrate some form of personal injury, the economic loss rule, if it applies, could bar their negligent misrepresentation claims.

### (ii)   Unjust Enrichment

The Ninth Circuit has held that there are significant variations among the 50 states' unjust enrichment laws, concluding that "[t]he elements necessary to establish a claim for unjust enrichment [] vary materially from state to state." *Mazza*, 666 F.3d at 591 (citing Candace S. Kovacic, *A Proposal to Simplify Quantum Meruit Litigation*, 35 Am. U.L. Rev. 547, 558-60 (1986)). As a result, in *Mazza* the Ninth Circuit vacated certification of a nationwide unjust enrichment class, concluding "variances in state law overwhelm common issues and preclude predominance." *Mazza*, 666 F.3d at 596. Many other courts have similarly concluded that unjust enrichment claims are not suitable for nationwide-class treatment. *See Bias*, 312 F.R.D. at 540 ("[C]ertification of a nationwide unjust enrichment class is improper under Rule 23 because material variations in state law would predominate."); *Andren v. Alere, Inc.*, No.: 16CV1255-GPC(AGS), 2017 WL 6509550, at *20 (denying class certification on unjust enrichment claims due to material differences in the various states' laws); *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-CV-03889-JD, 2018 WL 1116715, at *2 (N.D. Cal. Mar. 1, 2018); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 667 (E.D. Mich. 2011) ("State law requirements under unjust enrichment law vary widely.").

As one court has summarized:

"[T]here are differences nationwide in the very definition of unjust enrichment and its availability as a remedy.  Some states preclude such claims when an adequate legal remedy is available, and many states say the existence of an enforceable contract will preclude an unjust enrichment claim.  Because of such variations, federal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment. *See e.g., Clausnitzer v. Federal Exp. Corp.*, 248 F.R.D. 647, 660 (S.D. Fla. 2008); *Clay v. American Tobacco Co.*, 188 F.R.D. 483 (S.D. Ill. 1999) (variances in the state common laws of unjust enrichment include: differences in definitions; some states do not specify the misconduct necessary to proceed while others require the presence of fraud or dishonesty; some states allow such a claim only when no legal remedy exists; and some permit an equitable defense of 'unclean hands')."

*Thompson v. Jiffy Lube Intern., Inc.*, 250 F.R.D. 607, 626 (D. Kan. 2008).

Further, "the States differ as to the relationship or connection that must exist between the parties for an unjust enrichment claim." *Hughes*, 317 F.R.D. at 353.  Michigan, for example, requires plaintiffs to directly confer a benefit on the defendant.  *See In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 920-923 (N.D. Ill. 2009).  But in California, "it is not essential that money be paid directly to the recipient from the party seeking restitution." *California Federal Bank v. Matreyek*, 8 Cal. App. 4th 125, 132 (1992).  New York, meanwhile, requires that there be a "relationship or connection between the parties that is not too attenuated." *See Vista Healthplan, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1833, 2015 WL 3623005, at *29 (E.D. Pa. June 10, 2015).  As the court found in *Hughes*, "[t]his variation alone is enough to defeat certification" of a nationwide class. *Hughes*, 317 F.R.D. at 353.  And, while "twenty states and the District of Columbia do not allow claims for unjust enrichment where the plaintiff has received the benefit of the bargain," other states have no such rule. *Andren*, 2017 WL 6509550, at *17.

In fact, Judge Gonzalez-Rodgers has recognized that since the Ninth Circuit's decision in *Mazza*, few, if any, courts in the Ninth Circuit have certified nationwide classes of unjust enrichment claims.  *See Bias*, 312 F.R.D. at 540.  As she explained, "[t]his is unsurprising given that, in *Mazza*, the Ninth Circuit unequivocally held that the 'elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state.'  It is hard to imagine a clearer directive from our Circuit on this issue." *Id.* (internal citation omitted).

(iii)     **Strict Liability – Design Defect, Manufacturing Defect And Failure To Warn**

The laws governing product liability claims also vary considerably across the 50 states.  *See In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("[S]tate laws about theories such as those presented by our plaintiffs differ, and such differences have led us to hold that other warranty, fraud, or products-liability suits may not proceed as nationwide classes."); *Fisher v. Bristol-Myers Squibb Co.*, 181 F.R.D. 365, 369 (N.D. Ill. 1998) ("There is no monolithic products liability law in the United States.  In fact, there is probably no significant aspect of products liability which is precisely the same in all American jurisdictions.").  The Fifth Circuit summarized some of these differences in *Castrano v. American Tobacco Co.*:

> "Some states do not recognize strict liability.  E.g., *Cline v. Prowler Indus.*, 418 A.2d 968, 979-90 (Del. 1980).  Some have adopted RESTATEMENT (SECOND) OF TORTS § 402A.  E.g., *O.S. Stapley Co. v. Miller*, 103 Ariz. 556, 447 P.2d 248, 251-52 (1968). Among the states that have adopted the Restatement, there are variations.  *See* 5 STUART M. SPEISER *ET AL.*, THE AMERICAN LAW OF TORTS §§ 18.31, 18:34-18:35 (Law Co-op 1996).  Differences in affirmative defenses also exist.  Assumption of risk is a complete defense to a products claim in some states.  E.g., S.C. CODE ANN. § 15-73-20 (Law Co-op 1976).  In others, it is a part of comparative fault analysis.  E.g., COLO. REV. STAT. § 13-21-111.7 (1986).  Some states utilize 'pure' comparative fault, e.g., ARIZ. REV. STAT. ANN. § 12-2503-09 (1984); others follow a 'greater fault bar,' e.g., CONN. GEN. STAT. ANN. § 52-572h (West 1988); and still others use an 'equal fault bar,' e.g., ARK. CODE ANN. § 16-64-122 (Michie 1991)."

*Castano v. American Tobacco Co.*, 84 F.3d 734, 743 n.15 (5th Cir. 1996)

A breakdown of the laws in specific states further highlights these differences.  For example, in California, manufactures and sellers may be held strictly liable in tort for injuries resulting from product defects.  *Greenman v. Yuba Power Products*, 59 Cal.2d 57, 62 (1963).  In contrast, in Massachusetts, Michigan, and Delaware there is no strict liability for tort claims arising out of alleged product defects.  *See Guzman v. Mrm/Elgin*, 409 Mass. 563, 569 (1991) ("[I]n Massachusetts, there is no strict liability in tort apart from liability for breach of warranty under the Uniform Commercial Code.") (internal quotations omitted); *Phillips v. J.L. Hudson Co.*, 79 Mich.App. 425, 427 (1977) ("Michigan does not recognize 'strict liability' as a theory of recovery.") (citation omitted); *Cline v. Prowler Indus.*, 418 A.2d 968, 979-90 (Del. 1980).  Even among states that have strict liability, there are significant variations.  *See Fisher*, 181 F.R.D. at 369 ("Strict liability in California is different from

Gibson, Dunn &
Crutcher LLP

strict liability in New York, strict liability in Kansas, and strict liability in Alabama.") (citation omitted).  This distinction is clearly material to Plaintiffs' three alleged strict liability claims, as such claims may be completely barred in states like Michigan, Massachusetts, or Delaware, and might proceed under different standards in other strict liability states were this Court to allow them to proceed (which it should not).

California law also differs from many other states in the way it deals with a plaintiff's comparative fault.  California, along with 11 other states, is a pure comparative fault state, meaning that a plaintiff's degree of fault reduces his recovery in proportion to his percentage of responsibility.  *See, e.g., Daly v. General Motors Corp.*, 20 Cal.3d 725, 737 (1978); N.Y. C.P.L.R. § 1411; R.C.W.A. §§ 4.22.005-015.  In contrast, Massachusetts, Michigan, New Jersey, Pennsylvania, and other states use a modified comparative fault test with a 51% fault bar, under which a plaintiffs' recovery is reduced by his percentage of responsibility, but is completely barred if the plaintiff is more than 51% at fault for the injury.  *See* M.G.L.A. 231 § 85; M.C.L.A. § 600.2959; N.J.S.A. § 2A:15-5.1; 42 P.S. § 7102.  A number of other states, including Colorado, Arkansas, and Maine, apply a similar comparative fault test, but with a 50% fault bar.  *See, e.g., B.G.'s, Inc. v. Gross*, 23 P.3d 691, 693 (Colo. 2001); A.C.A. § 16-64-122; 14 M.R.S.A. § 156.  Alabama, Maryland, North Carolina, Virginia, and the District of Columbia use a pure contributory negligence test, under which a plaintiff cannot recover if he contributed to his damages in any way.  *See John R. Cowley & Bros., Inc. v. Brown*, 569 So.2d 375 (Ala. 1990); *Board of County Comm'r of Garret County v. Bell Atlantic*, 695 A.2d 171 (Md. 1997); *Smith v. Fiber Controls Corp.*, 268 S.E.2d 504 (N.C. 1980); *Baskett v. Banks*, 45 S.E.2d 173 (Va. 1947); *Wingfield v People's Drug Store*, 379 A.2d 685 (D.C. 1994).  And South Dakota uses a "slight" negligence comparative test, where a plaintiff is barred from recovery if she contributed to her injuries through anything more than "slight negligence."  S.D.C.L. § 20-9-2.  These distinctions in state law are important because the Plaintiffs' allegations indicate that they may bear some responsibility for their alleged injuries: (1) many admit they willingly purchased a product that they knew contained nicotine, and (2) many of them admit to having preexisting nicotine addictions.  As a result, the comparative fault standard in each state could have a material impact on the viability of Plaintiffs' claims.

California law also differs from other states in the types of damages and recovery it permits. For example, in California, punitive damages may be awarded only if there is clear and convincing evidence of oppression, fraud, or malice.  Cal. Civil Code § 3294(a).  In contrast, New York courts have not settled on a clear standard for awarding punitive damages and have applied both preponderance of the evidence and clear and convincing evidence standards.  *Randi A.J. v. Long Island Surgi-Ctr.*, 46 A.D. 3d 74, 86 (N.Y. App. Div. 2007); *In re Seventh Jud. Dist. Asbestos Litig. v. Armstrong World Indus.*, 593 N.Y.S. 2d 685, 686 (N.Y. App. Div. 1987).  These are both wholly different from Washington, for example, which does not permit punitive damages at all in product liability actions.  *Maki v. Aluminum Bldg. Prods.*, 73 Wash.2d 23, 25 (1968).

These material differences apply to all three of Plaintiffs' strict liability causes of action.  Courts have recognized that these types of variations among the product liability laws of different states render such claims unsuitable for nationwide class treatment.  *See In re Northern Dist. Of California, Dalkon Shield IUD Products Liability Litig.*, 693 F.2d 847, 850 (9th Cir. 1982) (decertifying a nationwide punitive damages class including strict products liability claims in part because "the 50 jurisdictions in which these cases arise do not apply the same punitive damages standards" undermining a finding of commonality); *Foster v. St. Jude Medical, Inc.*, 229 F.R.D. 599, 605 (D. Minn. July 26, 2005) (declining to certify a nationwide class including strict liability claims because "application of the laws of the fifty states makes class treatment of these claims unwarranted.  If more than a few of the laws of the fifty states differ, [courts] would face an impossible task of instructing a jury on the relevant law making class certification inappropriate") (internal quotations omitted).

### (iv)    Implied Warranty Of Merchantability

State law on the implied warranty of merchantability differs materially from state to state. Judge Freeman conducted a thorough analysis of these differences in *Darisse*:

> "The fifty states' laws on the implied warranties of merchantability and fitness for a particular purpose have significant differences regarding privity, notice, the availability of class actions, and the definition of merchantability.  Alaska, Colorado, Louisiana, Michigan, Nebraska, New Jersey, Pennsylvania, and Texas do not require privity, while Alabama, Arizona, Connecticut, Florida, Idaho, Illinois, Iowa, Kentucky, New York, North Carolina, Ohio, Oregon, Tennessee, Vermont, and Wisconsin do. . . .  Notice requirements also vary: Arkansas, Maryland, and Texas require pre-suit notice, while Kansas does not require notice in cases such as this, where the buyer is a consumer. . . .

Gibson, Dunn &
Crutcher LLP

> In contrast, in Alaska, Arizona, Ohio, Pennsylvania, and Virginia, the filing of the complaint may suffice for notice. . . .   Different states also define merchantability differently, for the implied warranty of merchantability.  In California, a breach of the implied warranty of merchantability means 'the product did not possess even the most basic degree of fitness for ordinary use.' . . . . Delaware asks whether 'the design has created a risk of harm which is so probable that an ordinarily prudent person, acting as a manufacturer, would pursue a different available design which would substantially lessen the probability of harm.' . . . .   In Vermont, the implied warranty of merchantability 'is primarily directed at the operative of a product.' . . . .   These differences in the law are material."

*Darisse*, 2016 WL 4385849, at *12-13 (internal citations omitted).

As Judge Freeman noted in her analysis, states' laws differ on whether they require a showing of privity for implied warranty claims.  While California has a privity requirement, it does not apply in consumer cases where a plaintiff has relied on a product's labels or advertising.  *Fieldstone Co. v. Briggs Plumbing Prods, Inc.*, 54 Cal. App. 4th 357, 369 n.10 (1997).  This is materially different from states that have a strict privity requirement, like Alabama, Arizona, Connecticut, Florida, Idaho, Illinois, Kentucky, New York, North Carolina, Ohio, Oregon, Tennessee, Vermont, and Wisconsin.  *Darisse*, 2016 WL 4385849, at *12.  As discussed above, privity would be relevant to the claims of many of the putative class member who purchased JUUL products from third parties.

Courts have recognized a number of additional ways in which state implied warranty laws differ in significant and material ways. For example, states differ on: (1) application of the parole evidence rule; (2) burdens of proof; (3) statute of limitations; (4) whether plaintiffs must demonstrate reliance; (5) whether plaintiffs must provide notice of breach; (6) whether plaintiffs can recover for unmanifested defects; (7) whether merchantability may be presumed; and (8) whether warranty protections extend to used goods.  *See Maloney v. Microsoft Corp.*, No. 09-2047, 2011 WL 5864064, at *8 (D. N.J. Nov. 21, 2011); *Cole v. General Motors Corp.*, 484 F.3d 717, 726 (5th Cir. 2007).

Given these substantive differences in the laws governing implied warranty claims, many courts have concluded that such claims are not appropriate for nationwide class treatment.  *See Cole*, 484 F.3d at 724-30 (discussing why warranty claims are not appropriate for class treatment); *Sanders*, 672 F. Supp. 2d at 991 (striking nationwide class allegations and noting that "[c]ourts routinely hold that both fraud and warranty claims are difficult to maintain on a nationwide basis and rarely are certified"); *Darisse*, 2016 WL 4385849, at *15 ("Because the laws of 50 states must be applied in this case, common

questions of law do not predominate over the questions affecting individual class members as required by Rule 23(b)(3).").

### (v)     Express Warranty

"Express warranty law also varies across the 50 states." *Darisse*, 2016 WL 4385849, at *11. In *Darisse*, in addition to conducting an analysis of state implied warranty claims, Judge Freeman also conducted a thorough analysis of state-by-state variations among express warranty claims and concluded that such claims vary significantly:

> "For example, Arizona, Florida, West Virginia, Texas, and Oregon require privity, while Washington, Ohio, Illinois, and Texas do not. . . .The reliance element of a claim for breach of express warranty also differs across the states.  In California, there is a presumption of reliance that can be overcome.  . . .  Minnesota, Kentucky, Oklahoma, New Hampshire, Florida, Mississippi, and Rhode Island law require a showing of actual reliance. . . .  Colorado and Virginia do not require a showing of actual reliance, and New York and Washington do not require a showing of reliance in certain circumstances. . . . As for notice, in California, a plaintiff must provide pre-suit notice to the product manufacturer within a reasonable time of discovering the breach of express warranty, except in cases where the consumer did not purchase directly from the manufacturer. . . . Arkansas, North Carolina, Texas, and Wyoming generally require notice to the manufacturer, while North Carolina requires notice to the seller, and notice to the manufacturer may or may not be required. . . .  In New York, the sufficiency of notice is a jury question. . . .  In the District of Columbia, Massachusetts, and Oregon, a plaintiff's delay in providing notice may bar suit, while in Florida, North Carolina, and South Dakota it does not. . . .  Like the differences in the states' consumer protection statutes, the differences in the states' express warranty law is material."

*Darisse*, 2016 WL 4385849, at *11-12 (internal citations omitted).

Additional cases confirm Judge Freeman's analysis.  For example, in *Alligood v. Taurus Intern. Mfg., Inc.*, the court explained how the state laws vary in terms of the privity and reliance factors.  2009 WL 8387645, at *5 (S.D. Ga. Mar. 4, 2009).  As the court recognized: (1) three states require both privity and reliance; (2) eighteen states require reliance but not privity; (3) Georgia and Louisiana "also require reliance but not privity, however their laws are substantially different that the comparatively uniform group of eighteen previously listed"; (4) six states require privity but not reliance; and twenty-one states require neither reliance nor privity.  *Id.* at *4.

There are also significant differences between the states in notification requirements.  For example, "California law does not require pre-suit notice where the consumer did not deal directly with

---

17

Gibson, Dunn & Crutcher LLP

the manufacturer." *Keegan v. American Honda Motor Co., Inc.*, 284 F.R.D. 504, 547 (C.D. Cal. 2012). By contrast, in New York, plaintiffs generally must give notice, but this notice requirement is excused in personal injury cases. *Id.* at 548 (citing *Fischer v. Mead Johnson Laboratories*, 41 A.D. 2d 737, 341 (1973)).

As a result of these material differences in state law, many courts have determined that express warranty claims cannot be certified on a nationwide basis. *See, e.g., Taison Comm's, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 643 (N.D. Cal. 2015) ("the express warranty claim cannot be certified because of the predominance/manageability problem conceded by Plaintiffs were the Court to rule, as it does, that various laws of multiple states, rather than the laws of California above, apply."); *Sanders*, 672 F. Supp. 2d at 991; *Darisse*, 2016 WL 4385849, at *15 (denying certification of express warranty claims because "[t]he claims of class members in California raise significantly different legal issues from the claims of members from other states, and those claims also are significantly different from state to state. Certification of the entire nationwide class under California law thus is improper[.]").

### (vi)   Fraud

Finally, "[t]he common law of fraud is materially different in the fifty states. The elements of fraud vary greatly from state to state, with respect to elements including mitigation, causation, damages, reliance, and the duty to disclose." *Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002) (citing *In re Bridgestone/Firestone*, 288 F.3d 1012, 1015 (7th Cir. 2002) (collecting cases)); *see also Van Mourik v. Big Heart Pet Brands, Inc.*, 2018 WL 1116715, at *2 (N.D. Cal. Mar. 1, 2018); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 743 n. 15 (5th Cir. 1996); *In re SciMed Securities Litigation*, 1993 WL 616692, at *7 (D. Minn. 1993) ("The laws of the several states regarding common law fraud . . . vary significantly"); *Darisse*, 2016 WL 4385849, at *13-14 (highlighting various material differences among state law fraud claims including whether reliance is required, whether reliance can be inferred in a class context, the burden of proof, and statutes of limitations).

One critical factor that differs among the states is scienter. Some states, like California, require a showing that the defendant had knowledge of the falsity of its statement, and intended to induce reliance. *See Bower v. AT & T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557 (Cal. App. 2011). Other states, like Michigan and Pennsylvania, allow a fraud claim to proceed on a showing that the defendant

18

acted recklessly, even if he did not have actual knowledge of a statement's falsity.  *Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008); *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002).

The states also vary in the evidentiary standard they apply to claims of fraud.  *See Larsen v. Vizio, Inc.*, 2015 WL 13655757, at * 2 (C.D. Cal. 2015) (citing *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096 (C.D. Cal. 2012)).  While California applies a preponderance of the evidence standard to fraud claims, *see Rosener v. Sears, Roebuck & Co.*, 168 Cal. Rptr. 237, 246 (Cal. Ct. App. 1980), Massachusetts, Michigan, New Jersey, New York, Pennsylvania, Washington, and most other states apply a clear and convincing evidence standard.  *See Metris U.S.A., Inc. v. Faro Techs., Inc.*, 882 F. Supp. 2d 160, 167 (D. Mass. 2011); *Foodland Distrib. v. Al-Naimi*, 559 N.W.2d 379, 391 (Mich. App. 1996); *Stoecker v. Echevarria*, 975 A.2d 975, 987 (N.J. Super. Ct. App. Div. 2009); *Gaidon v. Guardian Life Ins. Co. of Am.*, 725 N.E.2d 598, 607 (N.Y. 1999); *Ellison v. Lopez*, 959 A.2d 395, 398 (Pa. Super. Ct. 2008) (internal citation omitted); *Stieneke v. Russi*, 190 P.3d 60, 64 (Wash. Ct. App. 2008); *see also Darisse*, 2016 4385849, at *13-14 (comparing state-by-state burden of proof standards).

In addition, "states apply different methods of calculating damages for misrepresentation claims.  Some states use a 'benefit of the bargain' method based upon plaintiff's expectation damages, including Arizona, California, Colorado, Illinois, Kansas, Massachusetts, New Hampshire, and Texas. Some states use an 'out of pocket' method which allows a plaintiff to recover only reliance damages, including Louisiana, Minnesota, New York, Pennsylvania, and Wyoming.  Other states take a 'flexible' approach to calculating damages, including Florida, Idaho, Iowa, Maryland, New Jersey, Vermont, and Washington." *Gianino*, 846 F. Supp. 2d at 1101–02 (internal citations omitted).

"These differences in law among states, as they pertain to . . . misrepresentation claims, are not trivial because they involve essential requirements to establish a claim, types of relief and remedies available to a plaintiff, and other dispositive issues." *Larsen*, 2015 WL 13655757, at * 3; *Darisse*, 2016 WL 4385849, at *14 ("All of these differences are material.").

As a result of these significant variations, courts regularly conclude that plaintiffs cannot maintain a nationwide class on claims of fraud.  *See Lewis Tree*, 211 F.R.D. at 236 ("This variation and lack of uniformity indicate a uniform substantive law of fraud cannot be applied to the claims of

[a] purported nationwide class. The substantive law of over fifty states would have to be applied to the claims of class members."); *Darisse*, 2016 WL 4385849, at *15 (denying class certification of nationwide fraud claim "[b]ecause the law of 50 states must be applied").

As the discussion above makes clear, California law differs in material ways from the laws of the other states on each of Plaintiffs' remaining eight causes of action.

### c.   The Foreign States Have A Superior Interest In Applying Their Laws

Under California's "governmental interests" test, once a party shows that there are material differences between California law and the foreign states' laws, courts next assess the interests each state has in applying its own laws. *See McCann*, 48 Cal. 4th at 87-88. If each state has some interest, the court then must weigh the states' relative interests to determine which state's interest is superior. *Id.* at 97.

The home state of each putative class member has the superior interest in applying its law to claims brought by its residents and arising out of transactions and business activity happening in its state. "[E]very state has an interest in having its law applied to its resident claimants." *See Mazza*, 66 F. 3d at 591-92 (citation omitted). In addition, every state has an interest "in applying its law to transactions within its borders," which allows each state to balance the interests of consumers and businesses and "calibrate liability to foster commerce." *Id*. at 593. As a result, the home states of the putative class members have a clear and significant interest in applying their laws to their own residents' claims—not only because the claims are brought by their residents, but because they arise out of alleged activities occurring within each putative class member's state of residence.

While California has some minimal interest in applying its law because JUUL Labs is headquartered in San Francisco, this interest is small compared to the interest of other states in applying their laws to transactions occurring within their state borders that allegedly impact their residents. Apart from the California Plaintiffs' claims, the relevant events occurred outside California in each putative class member's home state. Plaintiffs allege that they viewed JUUL marketing materials, purchased JUUL products, and were injured by alleged misrepresentations and product defects in their own individual states of residence. "California's interest in regulating the conduct of companies that do business within its borders does not require the application of California law to the claims of foreign

20

Gibson, Dunn &
Crutcher LLP

residents concerning acts that took place in other states." *Rikos v. Procter & Gamble Co.*, No. 1:11-CV-226, 2012 WL 641946 at *6 (S.D. Ohio Feb. 28, 2012). Instead, California's choice-of-law principles counsel that, "with respect to regulating or affecting conduct within its border, the place of the wrong has the predominant interest." *Mazza*, 666 F.3d at 593 (citation omitted). Here, given the nature of the claims, "the [alleged] place of the wrong" is the home state of each individual putative class member, not California. Indeed, application of California law would squarely contravene the federalism concerns articulated in *Mazza* and other controlling authority, namely, that "every state has an interest in having its law applied to its resident claimants," *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001), and every state has a significant interest in establishing the appropriate level of liability for companies operating within its territory, *Mazza*, 666 F.3d at 592; *McCann*, 48 Cal. at 91. Accordingly, each individual putative class member's state has the "predominant interest" in applying its laws to claims brought by its residents.

Because there are material differences between California law and the law of the other states, and because the home state of each non-California putative class member has the "predominant interest" in applying its forum's law, California's choice-of-law analysis requires that the laws of these foreign states would apply to the putative class members' claims. *See Cover*, 2016 WL 520991, at *8; *Mazza*, 666 F.3d at 594 ("each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place.").

\* \* \*

Application of California's choice-of-law rules demonstrates that each class member's claims would be governed by the law of his or her home state, not by California law. As a result, Plaintiffs face the same problem with regard to these eight remaining causes of action that they do with regard to their three consumer protection claims: "variations in state law … swamp any common issues and defeat predominance." *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d at 691 (quotations omitted); *see also Mazza*, 666 F.3d at 596 ("[V]ariances in state law overwhelm common issues and preclude predominance[.]"). This is because adjudication of these claims on a nationwide-class basis would require detailed inquiries into the legal elements, available defenses, statutes of limitations, and remedies under each state's laws, and the ways in which those factors affect each class member's

claims—inquiries that would destroy the efficiencies that class actions are supposed to achieve. *Id*. at 595-96; *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("[S]tate laws about theories such as those presented by our plaintiffs differ, and such differences have led us to hold that other warranty, fraud, or products-liability suits may not proceed as nationwide classes."); *Lewis Tree*, 211 F.R.D. at 236 ("This variation and lack of uniformity indicate a uniform substantive law of fraud cannot be applied to the claims of [a] purported nationwide class.  The substantive law of over fifty states would have to be applied to the claims of class members."); *Taison Comm's, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 643 (N.D. Cal. 2015) ("the express warranty claim cannot be certified because of the predominance/manageability problem conceded by Plaintiffs were the Court to rule, as it does, that various laws of multiple states, rather than the laws of California above, apply."); *Bias*, 312 F.R.D. at 540 ("[C]ertification of a nationwide unjust enrichment class is improper under Rule 23 because material variations in state law would predominate.").

Given the facts of this case, and the significant variation among the various states' laws, it is apparent that common questions will not predominate and Plaintiffs will not be able to maintain a nationwide class.  *See, e.g.*, *Darisse*, 2016 WL 4385849, at *15 (denying class certification where claims were "different from state to state"); *Bias*, 312 F.R.D. at 540 ("[C]ertification of a . . . class is improper under Rule 23 because material variations in state law would predominate."); *Marsh*, 2014 WL 2085199, at *7 ("'Courts routinely deny class certification where the laws of multiple states must be applied.'" (citation omitted)); *Rodriguez v. Instagram, LLC*, No. 12-06482 WHA, 2013 WL 3732883, at *3 (N.D. Cal. July 15, 2013) ("[C]ourts routinely deny class certification because plaintiff's claims would require application of the substantive law of multiple states[.]") (citation omitted).  Because it is apparent that Plaintiffs cannot succeed in certifying a nationwide class on any of these claims, JUUL Labs respectfully moves that the Court strike these class allegations under Rule 12(f), 23(c)(1)(A), and 23(d)(1)(D).

## B.   Plaintiffs Lack Standing To Maintain A Nationwide Class Action Under All 50 States' Laws

Plaintiffs cannot maintain their claims under all 50 states' laws for an additional reason:  lack of standing.  A plaintiff lacks standing to pursue claims under the laws of a state in which he or she

neither resides nor is alleged to have been injured.  *See*, *e.g.*, *Fenerjian v. Nongshim Co., Ltd*, 72 F. Supp. 3d 1058, 1082–83 (N.D. Cal. 2014) (dismissing claims for all states in which named plaintiffs did not allege living or being injured and collecting additional cases); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1027 (N.D. Cal. 2007); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1006–07 (N.D. Cal. 2007); *Morales v. Unilever U.S., Inc.*, No. 2:13-CV-2213 WBS, 2014 WL 1389613, at *4–6 (E.D. Cal. Apr. 9, 2014).  Where, on the face of the pleadings, "'a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.'"  *Mollicone v. Universal Handicraft, Inc.*, No. 2:16-CV-07322-CAS(MRWx), 2017 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017) (quoting *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009)); *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) (same).  This Court and other courts in this district have "require[d] that plaintiffs present named class representatives who possess individual standing to assert each state law's claims against [the defendant]."  *Johnson*, 272 F. Supp. 3d at 1175 (citing *In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1075 (finding that named plaintiffs did not have standing to assert claims from states in which they did not reside or make a relevant purchase)).  Indeed, "[c]ourts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce."  *Mollicone*, 2017 WL 440257, at *9; *Hindsman v. General Motors LLC*, No. 17-CV-05337-JSC, 2018 WL 2463113, at *16 (N.D. Cal. June 1, 2018) (dismissing non-California claims brought on behalf of a nationwide class where class representatives were only California residents).

Because, as illustrated above, all of Plaintiffs' asserted causes of action would have to be adjudicated under the individual laws of each putative class member's state of residence, Plaintiffs *must* have a valid class representative from each state in order to have standing to assert a nationwide class.  *Hindsman*, 2018 WL 2463113, at *15.  Here, the purported named plaintiffs collectively represent only seven states and, accordingly, lack standing to bring their asserted claims for the other 43 states and the District of Columbia.  In accordance with this Court's prior decisions, and those of other judges in this district, the Court should dismiss these claims for lack of standing pursuant to Rule 12(b)(1).  *See Johnson*, 272 F. Supp. 3d at 1175–76 (dismissing claims brought on behalf of consumers in unrepresented states for lack of standing under Rule 12(b)(1)); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d

Gibson, Dunn &
Crutcher LLP

at 1075 (dismissing claims for unrepresented states where plaintiffs from 13 states sought to represent consumers from 48 states).

## V. CONCLUSION

Because Plaintiffs cannot succeed in certifying a nationwide class, JUUL Labs respectfully requests that the Court strike Plaintiffs' nationwide class allegations and dismiss Plaintiffs' nationwide class claims.


Dated: July 24, 2018                     GIBSON, DUNN & CRUTCHER LLP


By:  _____/s/ *Austin V. Schwing*_____
                     Austin V. Schwing

Attorneys for Defendant JUUL LABS, INC.

DEFENDANT JUUL LABS, INC.'S MOTION TO STRIKE AND DISMISS PLAINTIFFS' CLASS ALLEGATIONS
CASE NO. 18-CV-02499-WHO