**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
TODD KENNEDY (State Bar No. 250267)
ANTHONY PATEK (State Bar No. 228964)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, admitted pro hac vice
Jason Rathod, admitted pro hac vice
Esfand Nafisi (State Bar No. 320119)
412 H Street NE, Suite 302
Washington, D.C. 20002
Telephone: (202) 470-3520
Facsimile: (202) 800-2730

*Attorneys for Plaintiffs*

**GIBSON, DUNN & CRUTCHER LLP**
CHARLES J. STEVENS, SBN 106981
cstevens@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
aschwing@gibsondunn.com
WINSTON Y. CHAN, SBN 214884
wchan@gibsondunn.com
JOSHUA D. DICK, SBN 268853
jdick@gibsondunn.com
PETER C. SQUERI, SBN 286249
psqueri@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**GIBSON, DUNN & CRUTCHER LLP**
JESSICA R. CULPEPPER, SBN 304336
jculpepper@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Defendant JUUL Labs, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re: JUUL Labs, Inc. Products Litigation | CASE NO.  **18-CV-02499-WHO** |
| --- | --- |
| | **AMENDED STIPULATED PROTECTIVE ORDER** |
| | HONORABLE JUDGE WILLIAM H. ORRICK |

**1.**     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action and related actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and request that the Court enter the following Amended Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 12.4, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.**     **DEFINITIONS**

2.1     <u>Action</u>: This pending lawsuit, *In re: JUUL Labs, Inc. Products Litigation*, United States District Court, Northern District of California, Case No. 18-CV-02499-WHO, and any amendments thereto, or cases that may be consolidated or coordinated with or related to the *Colgate* lawsuit.

2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>CONFIDENTIAL Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), which may include:

(a)     Information that constitutes a trade secret in accordance with Uniform Trade Secrets Act;

(b)     Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; and/or

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(c)     Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party.

However, CONFIDENTIAL information shall not include the following information:

(d)     Any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise and any public information posted by a Party that has subsequently been made unavailable by removal from the public's view (e.g., deleted or closed social media posts); and/or

(e)     Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

2.3     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designated In-House Counsel: In-House Counsel who seek access to documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for use in this Action.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to,

answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such material is likely to cause serious economic harm or competitive disadvantage to the Producing Party, is highly personal non-public information, or will otherwise seriously compromise or jeopardize the Producing Party's business interests, such that protecting the information cannot be avoided by less restrictive means than designation as HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY. The Parties agree that the following information, if non-public, shall be presumed to merit the "Confidential – Attorneys' Eyes Only" designation: trade secrets, internal pricing information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, and other non-public information of similar competitive and business sensitivity, or material that constitutes highly personal and confidential non-public information.

2.9     In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated and/or associated with a law firm which has appeared on behalf of that party, and their support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that received Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentation by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

1
2
3
4

appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of six (6) months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this Order.

5
6

**5.      DESIGNATING PROTECTED MATERIAL**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations of material for protection must be made in good faith. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

23
24
25
26

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Paragraph 5.2(a) and (b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

27
28

    Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material or to the cover page of bound or grouped material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.   A Party may designate documents produced by a Non-Party as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if the document contains information for which that Party would have a right to apply the proposed designation if produced by that Party, by notifying all other Parties of the designation within a reasonable period of time after the production of documents by the Non-Party.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, if the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days of receipt of the transcript from the court reporter, protected testimony as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

information, the entire transcript will be considered by the Parties as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for 30 days following the date of such testimony or proceeding ("30-day period"). After the 30-day period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential. If there is a dispute arising from the confidentiality designation of testimony given in deposition or in other pretrial or trial proceedings, the parties shall meet and confer in an attempt to resolve the dispute. Subject to the restrictions set forth in Paragraph 7 of this order, only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) may be present during the deposition when "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is being presented or discussed. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). When possible, in order to minimize the likelihood of inadvertent disclosure of confidential information for any information transmitted by electronic means, the Producing Party

shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the confidential information or on the title of the digital document or media through which it is conveyed or otherwise notify the Receiving Party of the fact that confidential information is being conveyed.  A Party may designate information produced by a Non-Party as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if the document contains information for which that Party would have a right to apply the proposed designation if produced by that Party,  by notifying all other Parties of the designation within a reasonable period of time after the production of information by the Non-Party.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 and the Court's standing order for civil cases.

6.3     <u>Judicial Intervention</u>. If the Meet and Confer does not resolve the Parties' dispute as to the at-issue designations, the challenge may be submitted to the Court via a joint submission pursuant to the Court's standing order for civil cases. The burden of proving the confidentiality of designated persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has expressly waived the confidentiality designation or until the Court has ruled on the

disputed at-issue designation, all parties shall continue to afford the material in question the level of protection designated by the Producing Party.

**7.**     <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

    7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

        (b) The Parties and the directors, officers, and employees (including In-House Counsel) who are assisting with or making decisions concerning this Action, only to the extent deemed reasonably necessary by the Receiving Party's Outside Counsel of Record for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Protective Order;

        (c) Experts (as defined in this Order) of the Producing Party may be shown or examined on any information, document or thing designated "CONFIDENTIAL" by the Producing Party;

(d) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, and Professional Vendors;

(f) professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any deponent may be shown or examined on any information, document or thing designated "CONFIDENTIAL" if it appears that the witness authored or received a copy of it, or knew the information described therein, or was employed by the Producing Party at the time the information, document or thing was created, or if the Producing Party consents to such disclosure, provided that any deponent who is no longer employed by the Producing Party shall be first required to sign the Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) any other person as to whom the Designating Party has consented to disclosure in advance;

(i) such other persons as the parties may agree or may be ordered by the Court; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation ;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, and Professional Vendors;

(f) professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must:

(a) promptly notify in writing the Outside Counsel of Record for the Designating Party (by email, if possible). Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. All disclosure and discovery disputes are subject to the undersigned's Standing Order Regarding Civil Discovery Disputes.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. This shall not limit any remedies that the Designating party may have for disclosure of protected material.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties hereby reach an agreement that the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection shall not waive the privilege or protection.

**12.    MISCELLANEOUS**

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties expressly reserve all rights to seek further protection.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>No Modification of Privileges</u>. Except as provided in Paragraph 11, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential information to the extent such privilege or protection exists under applicable law.

12.4 <u>Filing Protected Material.</u> Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply

with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

## 13.  **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in paragraph 4, above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category or bates range, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

1    constitute Protected Material remain subject to this Protective Order as set forth in

2    Paragraph 4 (DURATION), above.

3    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5    DATED: July 23, 2019                        **GUTRIDE SAFIER LLP**

6                                                */s/ Anthony Patek*
                                                 Anthony Patek
7                                                _____

8                                                *Counsel for Plaintiffs*

9

10

11   DATED: July 23, 2019                        **GIBSON, DUNN & CRUTCHER LLP**

12                                               */s/ Austin Schwing*
                                                 Austin Schwing
13                                               *Counsel for Defendant JUUL Labs, Inc.*

14

15

16

17           **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

18

19

20

21

22

23

24   DATED: _August 5, 2019_        _____
                                     Honorable Judge William H. Orrick
25

26

27

28

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of
_____[print or type full address], declare under
penalty of perjury that I have read in its entirety and understand the Stipulated
Protective Order that was issued by the United States District Court for the Northern
District of California on _____, in the case of *In re: JUUL Labs, Inc,
Products Litigation*, United States District Court, Northern District of California, Case
No. 18-CV-02499-WHO. I agree to comply with and to be bound by all the terms of
this Stipulated Protective Order and I understand and acknowledge that failure to so
comply could expose me to sanctions and punishment in the nature of contempt. I
solemnly promise that I will not disclose in any manner any information or item that is
subject to this Stipulated Protective Order to any person or entity except in strict
compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District
Court for the Northern District of California for the purpose of enforcing the terms of
this Stipulated Protective Order, even if such enforcement proceedings occur after
termination of this Action.

I hereby appoint _____ [print or type full name]
of _____[print or type full address and telephone
number] as my California agent for service of process in connection with this Action or
any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____