**GUTRIDE SAFIER LLP**
Adam J. Gutride (State Bar No. 181446)
Seth A. Safier (State Bar No. 197427)
Marie A. McCrary (State Bar No. 262670)
Anthony Patek (State Bar No. 228964)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com
marie@gutraidesafier.com
anthony@gutridesafier.com

Matthew T. McCrary (admitted *pro hac vice*)
265 Franklin St, Suite 1702
Boston, MA 02110
matt@gutridesafier.com

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, admitted *pro hac vice*
Jason Rathod, admitted *pro hac vice*
Esfand Nafisi (State Bar No. 320119)
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: (202) 470-3520
Facsimile: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
enafisi@classlawdc.com

(additional counsel on signature page)
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC. PRODUCT LITIGATION | CASE NO. 3:18-cv-02499-WHO<br><br>**PLAINTIFFS' JOINT DISCOVERY LETTER RE: ALTRIA-RELATED DOCUMENTS**<br><br>Honorable William H. Orrick |

Joint Discovery Ltr re: Altria-Related Documents

Plaintiffs submit this discovery dispute letter over the objection of Defendant JUUL Labs, Inc. ("JLI"), seeking clarification of whether JLI must produce all Altria-related documents it has already produced to government entities. Plaintiffs served requests for production of documents produced to the government investigators (RFP 7) and related to cigarette company investments in JUUL (RFP 9) on September 13, 2018. The parties met and conferred in person in December 2018. The parties submitted a Joint Discovery Letter in this case on May 28, 2019. (ECF 114) On June 12, 2019, the Court ordered discovery to proceed but did not rule on the Joint Discovery Letter. (ECF 128) Plaintiffs also served an RFP directed to communications with Altria (RFP 77) on June 6, 2019.  The parties met and conferred in person again on August 1, 2019, but they disagree about whether they met and conferred in person regarding the subject of the instant dispute in accordance with the Court's standing orders.

**Plaintiffs' Position:** On August 1, the parties met and conferred on JUUL's failure to produce all documents it previously produced to government investigators.  Plaintiffs position then and now is that all such documents are relevant; government entities are investigating the exact same claims at issue in this case, therefore JUUL should provide every document it turned over in response to those investigations.  JUUL disagrees, contending that it produced to government investigators documents relating to Altria, which JUUL contends are irrelevant here. As outlined below, those documents are clearly relevant. JUUL now claims the parties have not met and conferred on this issue, which is nonsense. Not only did Plaintiffs present the same arguments at the August 1st meet and confer as presented here, but this issue overlaps with the May 28, 2019 joint discovery letter for which the parties met and conferred *in December of last year*. JUUL's unilateral assertion that no meet and confer took place is just the latest in a series of tactics to delay producing these documents. This must stop.  The dispute is ripe for resolution now.

JUUL, which has not produced a single document since this Court ordered discovery to proceed, refuses to simply turn over the documents it has already produced to government investigators—approximately 55,000 documents according to Congress. *See* https://oversight.house.gov/sites/democrats.oversight.house-.gov/files/Supplemental%20Memo.pdf. The government entities are investigating the same basic allegations asserted in this case (i.e., that JUUL copied Big Tobacco's unconscionable youth marketing techniques), and their document requests mirror Plaintiffs' RFPs. As such, everything

JUUL determined was relevant there is relevant here.

JUUL argues that it produced documents to investigators relating to Altria that are irrelevant because Plaintiffs assert no claims against Altria, which is not a party. Nevertheless, the Complaint explicitly alleges that JUUL obtained funding and advice from Big Tobacco companies including Altria—f/k/a Phillip Morris, owner of the Marlboro cigarette and a 35% stake in JUUL—in an attempt to side-step regulations and laws limiting marketing by Big Tobacco, so that JUUL could penetrate the youth market using the same marketing techniques Altria previously perfected. See CAC, ¶¶ 6; 12-21; 85-86; 97-98; 112-120; 128; 235; 290-94. Plaintiffs further allege that JUUL used Altria marketing strategies, and that Altria's ownership stake in JUUL was designed to give Altria access to JUUL social media metrics, survey data, and other information about the youth market for ENDS. These allegations explicitly place JUUL's coordination of its marketing practices with Altria within the ambit of this lawsuit, making requests for Altria-related documents reasonable. Simply put, JUUL's collaboration with Altria is discoverable. Moreover, documents Congress made public from the government investigations indisputably support Plaintiffs allegations. For example, one document is a JUUL email admitting that JUUL's "youth prevention" activities parallel those of Philip Morris (i.e., Altria), i.e. where JUUL would enter schools and market to kids under the guise of public health concerns. *See* JLI-HOR_00157718, https://oversight.house.gov-/sites/democrats.oversight.house.gov/files/JLI-HOR-00153200_Redacted.-pdf). Other documents show that JUUL not only tapped into Altria's "know how" by consulting with Altria employees on these topics, but even hired former Altria employees to conduct its "youth prevention" and public relations efforts—conduct that Altria is forbidden to undertake for itself by the Master Settlement Agreement.

Further, JUUL's artificial distinction between this lawsuit and parallel government investigations not only suppresses relevant information, but delays production of other responsive documents. It should be very simple and fast for JUUL to produce documents it has already provided to investigators; JUUL need only turn over to Plaintiffs what it has already assembled and reviewed. Instead, since JUUL claims it must withhold what it deems to be "irrelevant" Altria-related documents, JUUL is re-reviewing and re-culling everything it previously produced. So, although JUUL has said it is almost ready to produce 10,000 documents it gave government investigators, that still leaves unproduced 45,000 documents

JUUL already vetted and produced in investigations into the same conduct alleged here.

JUUL's suppression of evidence of its relationship with Altria already produced to government investigators is unreasonable. Plaintiffs' respectfully ask the Court to order JUUL to produce to Plaintiffs immediately all documents responsive to RFP 7 (documents produced to government investigators) that are also responsive to RFPs 9 (docs re: tobacco company investments in, advice to, and collaborations with JUUL) and 77 (communications with Altria).  Plaintiffs reserve the right to pursue further Altria documents at a later date.

**Defendant's Position**:  Plaintiffs' letter greatly mischaracterizes the facts, and this issue is not yet ripe for review because Plaintiffs' counsel has refused to properly meet and confer on it.  During July 2019, JLI not only responded to interrogatories as well as nearly 200 requests for production, but also worked to negotiate a stipulation with Plaintiffs' counsel to facilitate an expedited production of the portion of the documents JLI had produced to government entities that were also relevant and appropriate to be produced in this case.  Plaintiffs' counsel continually changed positions with respect to the proposed stipulation, leading to a meet-and-confer on August 1 to try to clarify Plaintiffs' demands and see if the parties could reach resolution on the proposed stipulation.  The meet-and-confer was successful and the parties submitted a joint stipulation on August 6, 2019.  Dkt. 133.

Plaintiffs' discovery letter here misrepresents the meet-and-confer session on August 1.  The meet-and-confer session was focused on the terms of the stipulation, which ultimately were agreed upon by the parties.  The only reference to Altria in that meet-and-confer came in response to a request by Plaintiffs' counsel for an example of a type of document that may have been produced to some government entity that would not be relevant to plaintiffs' claims in *In re JUUL*, and JLI's counsel offered that some documents relating to Altria would likely not be relevant to the Plaintiffs' claims in *In re JUUL*.  However, counsel for JLI also repeatedly cautioned during the August 1 discussion that we would need to review the subject matter of the various productions to government entities and consult further with our client before we could firmly identify specific categories of documents that JLI had produced to state and federal governmental entities and had not produced in *In re JUUL*.  That said, JLI has offered to meet and confer with Plaintiffs with respect to "Altria-related" documents as early as tomorrow, August 20, but Plaintiffs insist on proceeding with this letter today.

Plaintiffs' discovery letter also ignores the stipulation filed on August 6.  Dkt. 133.  The stipulation, subject to approval by the Court, provides a procedure for JLI's production of documents previously produced to state and federal government entities: any such documents may be produced by JLI on an expedited basis without a confidentiality review within 33 days after entry of the order approving the stipulation (including at least 10,000 documents within four business days after entry of the order), and JLI would provide Plaintiffs a general description of any categories of documents produced to federal and state entities on or before August 1, 2019 that JLI has not also produced in this matter.  Dkt. 133.  JLI advised Plaintiffs that it is prepared to produce tens of thousands of documents once the stipulation is approved by the Court.

Plaintiffs now bring this letter brief as an end-run around the procedure they just agreed to in the stipulation submitted to this Court.  Plaintiffs cite no special urgency, and there is no discovery cut-off or other immediate deadline in this case.  Nor do Plaintiffs even make clear what they want from this letter brief.  Plaintiffs have not clarified their request, but based on their latest draft, it appears that Plaintiffs now seek all "Altria-related" documents produced to government entities, whatever that may mean.

Turning to the merits of Plaintiffs' letter, Plaintiffs' RFP No. 7 seeks all documents relating to "any past or present local, state, or federal inquiry or investigation" related to JUUL products or ENDS generally, including "any criminal investigations, civil investigations and/or any other inquiry," with no time limitations.  JLI agreed to produce documents submitted to government entities regarding issues that are relevant to the issues in this case.  Plaintiffs, however, refuse to cabin their requests to relevance and instead demand to receive *all* documents produced to any government entity at any time regarding any issue.  Plaintiffs' requests are unreasonable, contravene Rule 26, and should be denied.

With respect to Altria, Plaintiffs do not, and cannot, show that documents and communications related to Altria's minority investment in JLI in December 2018 have any bearing on the issues in this case, or that the investment is relevant to the claims of the 44 individual named plaintiffs, who allegedly started using JUUL products before the investment even occurred.  Altria is not a defendant in this lawsuit, nor have Plaintiffs alleged any conspiracy claims regarding Altria.  Rather, Plaintiffs allege in passing, and in completely conclusory fashion, that JLI "adopted the same themes used by . . . Big Tobacco" and that Altria's minority investment in JLI somehow suggests that JLI's "[g]oal [w]as [a]lways [a]bout

[i]ncreasing the [r]ates of [n]icotine [a]ddiction." Dkt. 82 (CAC) ¶¶ 85, 290–294.  Contrary to Plaintiffs' assertions above, the CAC does not allege that JLI and Altria "coordinated" marketing efforts prior to Altria's investment in the company in late 2018.  See CAC ¶¶ 112-120 (allegations regarding the 2015 JUUL launch campaign, making no mention of Altria).  Further, apart from being irrelevant, Plaintiffs' request is vastly overbroad.  As drafted, Plaintiffs' request would sweep in all documents and communications involving any JLI personnel related in any way to Altria, including corporate due diligence and other transactional documents that have absolutely nothing to do with this case.  Plaintiffs are not entitled to this information and cannot show that its production is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Of course, JLI does not maintain that a communication with Altria is necessarily exempt from production here; if a communication with Altria falls within the proper response to another request for production, that document would be produced like other documents responsive to that request.

JLI requests that this Court deny the relief requested here by Plaintiffs.  The parties should see through the procedure they just agreed to in the joint stipulation.  After JLI completes its obligations under the stipulation, the parties may meet and confer regarding any remaining disputes and then present any such disputes to this Court for resolution.

Dated:  August 19, 2019                                    **GUTRIDE SAFIER LLP**

/s/ Anthony J. Patek/
Adam J. Gutride
Seth A. Safier
Marie A. McCrary
Anthony J. Patek
100 Pine Street, Suite 1250
San Francisco, California 94111

Matthew T. McCrary, admitted pro hac vice
265 Franklin St, Suite 1702
Boston, MA 02110

**MIGLIACCIO & RATHOD LLP**
Nicholas Migliaccio, admitted pro hac vice
Jason Rathod, admitted pro hac vice
Esfand Nafisi (State Bar No. 320119)
412 H Street NE, Suite 302
Washington, D.C. 20002

**BERGER MONTAGUE, P.C.**
Sherrie R. Savett, pro hac vice forthcoming
Russell D. Paul, admitted pro hac vice
Neil Makhija, admitted pro hac vice
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
Email: ssavett@bm.net
Email: rpaul@bm.net
Email: nmakhija@bm.net
Attorneys for Plaintiffs

*Attorneys for Plaintiffs*

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ G. Charles Nierlich*
G. Charles Nierlich

Austin v. Schwing
Joshua D. Dick
Peter C. Squeri
Kelsey J. Helland
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306
aschwing@gibsondunn.com
jdick@gibsondunn.com
psqueri@gibsondunn.com
khelland@gibsondunn.com

*Counsel for Defendant*

## Local Rule 5-1(i)(3) Certification

I, Anthony J. Patek, attest that I have received authority from each other signatory to file this document.

**GUTRIDE SAFIER LLP**

*/s/ Anthony J. Patek*
Anthony J. Patek

*Counsel for Plaintiffs*