GIBSON, DUNN & CRUTCHER LLP
AUSTIN V. SCHWING, SBN 211696
  aschwing@gibsondunn.com
JOSHUA D. DICK, SBN 268853
  jdick@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
KELSEY J. HELLAND, SBN 298888
  khelland@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant JUUL LABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: JUUL LABS, INC. PRODUCTS LITIGATION | CASE NO. 18-cv-02499-WHO <br><br> **DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING** <br><br> Hon. William H. Orrick <br> Hearing Date: September 11, 2019 <br> Hearing Time: 2:00 p.m. <br> Action Filed:   April 26, 2018 <br> Amended Complaint Filed:    January 30, 2019 |
|---|---|

DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE THAT** on September 11, 2019, at 2:00 p.m., before the Honorable William H. Orrick, III of the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant JUUL Labs, Inc. ("JLI") will and does move this Court for an order staying all proceedings in this matter—except for JLI's production of documents pursuant to the Stipulation entered by this Court on August 20, 2019—until further order of this Court following a decision by the Judicial Panel on Multidistrict Litigation ("JPML") concerning potential centralization of the 4 matters before this Court with 25 additional matters.

JLI's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law, the concurrently filed Stipulation to Shorten Time, the Declaration of Austin V. Schwing, other documents on file in this action, and any oral argument of counsel.

1

DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP

# I. INTRODUCTION

Defendant JUUL Labs, Inc. ("JLI") respectfully requests that this Court stay all proceedings in this matter—except for JLI's production of documents pursuant to the Stipulation entered by this Court on August 20, 2019 (Dkt. 138)—until further order of this Court following a decision by the Judicial Panel on Multidistrict Litigation ("JPML") concerning potential centralization of the 4 matters consolidated into this proceeding with 25 additional matters.[1] The JPML is set to hear JLI's motion for centralization under the multidistrict litigation ("MDL") procedure on September 26, 2019. Courts have repeatedly recognized the propriety of staying proceedings while the JPML considers a motion to consolidate and transfer similar cases to a single transferee court. A stay is particularly appropriate here for several reasons.

<u>Other parties who are not yet present in this action will have an interest in the pleadings and scope of discovery.</u> Plaintiffs' counsel here want to press ahead with this case without waiting for the JPML's decision or coordinating with other plaintiffs or their counsel, most likely out of a desire to continue to control the litigation, but that is not the best approach to the efficient management of these cases. While Plaintiffs' counsel in this action have provisionally been designated interim class counsel, it will not be surprising if other plaintiffs' counsel, who will shortly be on the scene when these cases are MDL'ed, will take the position that they should either supplant or otherwise take an active role in the decision-making of these cases. It is no secret that such political arm-wrestling occurs in many MDLs. Further, those other lawyers are proposing to bring claims and theories that are not yet at issue in this case. For example, several of them propose to bring RICO claims against JLI, Altria Group, Inc. ("Altria") and Philip Morris USA Inc. ("PM USA"). These additional theories and claims, should they proceed, will impact the scope of the pleadings and the discovery that takes place in these proceedings. Further, many of the cases are individual actions, and therefore Plaintiffs' counsel here does not and will not represent those parties.

---

[1] A full list of the related matters pending transfer for coordination or consolidation before the JPML is attached as Attachment 1.

2

DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP

It is essential that the next round of pleadings in this case is conducted in an orderly and efficient manner, and it would be antithetical to the effective management of this case to ignore that an MDL will significantly alter the landscape of this case. Yet, Plaintiffs' counsel in this proceeding insists that this case should press ahead with amended pleadings, a response to amended pleadings, and broad discovery without coordination with any other actions, and even before the JPML has an opportunity to decide whether to MDL the cases. This Court knows well how much effort has gone into the pleadings in this case, both on the part of the parties and this Court in deciding motions to dismiss, a motion to strike, and a motion to compel arbitration, and it is apparent that there will be another round of pleadings and pleading challenges. JLI submits that it makes no sense for Plaintiff to submit an amended complaint and to require JLI to respond to that complaint before the JPML decides whether to coordinate all of the dozens of cases pending against JLI, which, if coordinated with these cases, likely would necessitate consolidated pleadings. Further, before all interested stake holders are present, it is impossible for JLI to be assured at this stage that any agreements among counsel with respect to discovery would stand. A stay would also avoid potential prejudice to the parties in the other actions who are not currently participating in the parties' discovery discussions. JLI believes the best course is to pause briefly until the MDL is created before the parties progress further in these cases.

It is highly likely that the JPML will transfer all 29 related matters to one court under the MDL procedure. While this coordinated proceeding includes four lawsuits against JLI, other parties have continued to file additional lawsuits against JLI in federal courts around the country. On July 29, 2019, JLI moved the JPML for an order to create an MDL including 10 identified actions, including the 4 at issue here, pursuant to 28 U.S.C. § 1407. Since that initial filing, an additional 19 tag-along cases have been identified as related actions before the JPML, for a total of 29 actions. Some of these actions are putative class actions and others are individual actions. The JPML is set to hear JLI's motion on September 26, 2019. All parties that filed responses to JLI's motion, *including Plaintiffs here*, have agreed that the creation of an MDL is appropriate. Given the number of pending actions, and the broad agreement in support of an MDL, JLI expects that the JPML will grant JLI's pending motion.

Gibson, Dunn & Crutcher LLP

<u>While JLI has requested transfer of all matters to this Court, other parties have advocated for transfer to other courts.</u>  One of the responding parties has requested that the actions be transferred to the District of Maryland, while the two other responding parties have requested that at least some of the cases should be transferred to the District of New Jersey where four cases are pending. *See* MDL No,. 2913, Dkt. Nos. 34, 36, 47.  While JLI has advocated to the JPML that it select this district as the MDL court, that is ultimately an issue for the JPML to decide, and it makes sense to see to which court these cases are assigned before they progress further.

<u>Although centralization of these actions is clearly appropriate under Section 1407, there are some notable differences among the actions that will impact the scope and issues relevant to this litigation.</u>  For example, some actions include claims against defendants not currently present in this litigation: 15 of the related actions bring claims against Altria and/or PM USA;[2] 12 assert claims against Pax Labs, Inc.;[3] and a handful bring claims against retailers of JUUL products.[4]  Also, while 12 of the actions, including the four cases involved in this litigation, are class actions,[5] 17 of the actions are individual personal injury actions.[6]  Further, some actions include new and different claims, including several actions that assert claims based on theories that JLI coordinated with Altria

---

[2] *See e.g.*, *Beatriz-Alegre v. JUUL Labs, Inc.*, No. 3:19-cv-05174 (N.D. Cal. Aug. 19, 2019); *NesSmith v. JUUL Labs, Inc.*, No. 8:19-cv-00884-MSS-AAS (M.D. Fla. Apr. 15, 2019) (Scriven); *M.D. v. JUUL Labs, Inc.*, No. 3:19-cv-00180-GHD-RP (N.D. Miss. Aug. 15, 2019) (Davidson).

[3] *See e.g.*, *Kelly v. JUUL Labs, Inc.*, No. 3:19-cv-17005 (D.N.J. Aug. 21, 2019); *Divello v. JUUL Labs, Inc.*, No. 2:19-cv-16915-BRM-ESK (D.N.J. Aug. 20, 2019) (Martinotti); *Tempel v. JUUL Labs, Inc.*, No. 3:19-cv-00904 (S.D. Ill. Aug. 19, 2019).

[4] *See e.g.*, *Bentley v. JUUL Labs, Inc.*, No. No. 5:19-cv-01313-LCB (N.D. Ala. July 15, 2019) (Burke); *Helms v. JUUL Labs, Inc.*, No. 2:19-cv-00527-ALB-WC (M.D. Ala. June 14, 2019) (Brasher); *Shapiro v. JUUL Labs, Inc.*, No. 0:19-cv-61548-DPG (S.D. Fla. June 21, 2019) (Gayles).

[5] *See e.g.*, *Murphy v. JUUL Labs, Inc.*, No. 1:19-cv-11755 (D. Mass. Aug. 15, 2019) (Gorton); *R.E. v. JUUL Labs, Inc.*, No. 2:19-cv-00591 (S.D.W. Va. Aug. 13, 2019) (Johnston); *Phillips v. JUUL Labs, Inc.*, No. 2:19-cv-4172 (W.D. Mo. Aug. 21, 2019) (Harpool).

[6] *See e.g.*, *Sidlo v. JUUL Labs, Inc.*, No. 3:19-cv-00905 (S.D. Ill. Aug. 19, 2019); *Kelly v. JUUL Labs, Inc.*, No. 3:19-cv-17005 (D.N.J. Aug. 21, 2019); *West v. JUUL Labs, Inc.*, No. 19-cv-00505-ALB-WC (M.D. Ala. July 16, 2019) (Brasher).

4

DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP

to purportedly mislead the public.[7] While JLI believes the new theories advanced in these additional cases are baseless, there is no doubt that they would impact this litigation if they are permitted to proceed. It would be premature for Plaintiffs in this case to press ahead with an amended complaint at this point; it would be turning a blind eye to the inevitable coordination that will need to take place when these cases are MDL'ed.

<u>The ultimate claims and defenses at issue following coordination or consolidation of the 29 matters to one court will affect the appropriate scope of discovery.</u> The scope of discovery under the Federal Rules of Civil Procedure is defined with respect to the claims and defenses at issue: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). A brief stay of this action pending the JPML's decision will prevent the parties and this Court from expending considerable time and resources negotiating and resolving discovery issues that may need to be revisited and relitigated once additional actions, claims, parties, and attorneys are involved in this case.

<u>Finally, there is no prejudice to Plaintiffs from the stay requested.</u> JLI previously produced over 10,000 pages of scientific materials related to the development of JUUL products, documents and communications related to the packaging and labeling of JUUL products, as well as the materials that JLI previously produced in its response to the FDA pursuant to Section 904(b) of the Federal Food, Drug, and Cosmetic Act. In addition, JLI recently produced another 85,000+ pages of documents, including marketing materials, advertising exemplars from social media and other sources, and communications related to JLI's marketing and advertising plans. JLI intends to continue producing documents pursuant to the Stipulation entered by this Court on August 20, 2019, including tens of thousands of pages of documents related to social media, marketing, and other communications. There is no discovery cut-off in this case. A brief stay would strike a common-

---

[7] *See e.g.*, *Phillips v. JUUL Labs, Inc.*, No. 2:19-cv-4172 (W.D. Mo. Aug. 21, 2019) (Harpool); *NesSmith v. JUUL Labs, Inc.*, No. 8:19-cv-00884-MSS-AAS (M.D. Fla. Apr. 15, 2019) (Scriven); *Quercia v. JUUL Labs, Inc.*, No. 1:19-cv-5664 (N.D. Ill. Aug. 22, 2019).

5
DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING
JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP

sense balance between ensuring that this case proceeds efficiently while also serving the principle aims of multidistrict litigation—promoting judicial economy, avoiding duplicative discovery and inconsistent rulings, and preserving the resources of the court and litigants. *See In re Air Crash near Kirksville, Mo., on Oct 19, 2004*, 383 F. Supp. 2d 1382, 1383 (J.P.M.L. 2005). A brief stay of this action, pending further order of this Court following the JPML's decision, is appropriate here.

## II. ARGUMENT

Federal courts possess inherent powers to stay proceedings before them. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Courts have repeatedly recognized the propriety of staying proceedings while the JPML considers a motion to consolidate and transfer similar cases to a single transferee court. *See e.g. Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (noting that courts "frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case"); *Poff v. McKesson Corp.*, 2013 WL 3949207, at *2 (N.D. Cal. July 30, 2013) (explaining that a stay pending resolution of a motion to consolidate before the JPML would "promote judicial economy, uniformity and consistency in decision making"); *Freitas v. McKesson Corp.*, No. 11-cv-05967-JW, 2012 WL 161211 (N.D. Cal. Jan. 10, 2012) (granting motion to stay pending decision by the JPML); *Couture v. Hoffman-La Roche, Inc.*, No. 12-cv-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (same); *McCrerey v. Merck & Co.,* No. 4-cv-2576-WQH, 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005).

***Indeed, many of the related pending actions currently before the JPML have already been stayed.*** *See NesSmith v. JUUL Labs, Inc.*, No. 8:19-cv-00884-MSS-AAS (M.D. Fla. Aug. 8, 2019) (Dkt. No. 33) (staying case pending JPML decision); *Shapiro v. JUUL Labs, Inc.*, No. 0:19-cv-61548-DPG (S.D. Fla. Aug. 15, 2019) (Dkt. No. 27) (same); *Murphy v. JUUL Labs, Inc.*, No. 1:19-cv-11755 (D. Mass. Aug. 26, 2019) (Dkt. No. 5) (same); *see also S.R. v. JUUL Labs, Inc.*, No. 3:19-

6
DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP

cv-16659 (D.N.J. Aug. 26, 2019) (Dkt. No. 6) (same); *P.O. v. JUUL Labs, Inc.*, No. 3:19-cv-16631-FLW-DEA (D.N.J. Aug 26, 2019) (Dkt. No. 4) (same).[8]

Where a motion for transfer has been filed with the JPML, courts consider the following factors to determine whether a stay is appropriate: (1) "hardship and inequity to the moving party if the action is not stayed;" (2) "the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated;" and (3) "potential prejudice to the non-moving party." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Couture*, 2012 WL 3042994, at *2 (enumerating the same test). All of these factors support a stay of the proceedings before this Court until after the pending MDL Motion is resolved.

## A. There Is A Substantial Risk Of Hardship And Inequity To JLI If A Stay Is Not Granted

If a stay is not granted, Plaintiffs in this case will amend their complaint and JLI will need to respond to that complaint, most likely with another motion to dismiss. This makes no sense given that these cases will almost certainly be MDL'ed soon and there will be an injection of new parties, new theories, and new allegations into these cases. It is extremely common for courts to require consolidated pleadings in an MDL rather than dozens of complaints and responses. Assuming that would be the case here, it would be a colossal waste of JLI's resources to respond to an amended complaint before we know if these cases will be MDL'ed and, if so, how they will be managed. JLI will also have to expend considerable, time, energy, and effort negotiating and resolving complex discovery and pretrial issues that will likely need to be revisited and relitigated if the pending actions are centralized in this or any other transferee court.

While JLI has moved to transfer all actions to this Court, other parties have advocated for different district courts, and the Panel has discretion to transfer the actions to any district court in the

---

[8] JLI has agreed with Plaintiffs in several other cases to stays pending the JPML's decision and is in the process of preparing stipulations and motions to that effect, including *R.E. v. JUUL Labs, Inc.*, No. 3:19-cv-16631 (D.N.J); *Divello v. JUUL Labs, Inc.*, No. 2:19-cv-16915 (D.N.J.); *Phillips v. JUUL Labs, Inc.*, No. 2:19-cv-4172 (W.D. Mo.); *Vermillion v. JUUL Labs, Inc.*, No. 4-19-cv-05286 (N.D. Cal.); Quercia v. JUUL Labs, Inc., No. 1:19-cv-5664 (N.D. Ill.); Boyd v. JUUL Labs, Inc., No. 4:19-cv-0674-HFS (W.D. Mo.). JLI expects that stay orders will be issued in these and other cases involving JLI shortly.

country. The parties may waste considerable time and effort litigating discovery disputes and other matters here, only for this case to be transferred to a different court and a different judge who may choose to revisit the issues or resolve them differently, requiring duplicative and costly additional litigation. *See Weaver v. Pfizer, Inc.,* 2014 WL 2002212, at *4 (noting the harm to the defendant if required to "relitigate any decisions. . . if the case is transferred to the MDL court"); *see also Ernyes-Kofler v. Sanofi S.A.*, No. 5:16-cv-07307-EJD, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (noting that a stay "might help Plaintiffs avoid unnecessary effort and expense").

Even if the Panel grants JLI's motion and creates an MDL in this Court, which is the logical choice, there will be new actions, new parties, new claims, new theories of liability, and new attorneys pulled into this litigation, altering the scope of this case and the relevant issues the parties and Court will need to consider in this litigation. The new counsel who most likely will soon be involved in this litigation may have different views about legal theories, claims, and discovery issues. It would be inefficient to continue to actively negotiate and attempt to resolve these issues until it is clear what this case will ultimately look like, and the positions that all interested stakeholders will take. The parties' recent discovery dispute regarding the production of documents relating to Altria helps demonstrate this point. *See* Dkt. 137. As the parties' discovery letter reflects, Plaintiffs' and JLI's positions and legal arguments on this issue turn on the specific claims, parties, and allegations currently at issue in this litigation, which govern what documents and issues are relevant to the action. *See* Dkt. 137. For example, it is relevant to the dispute that Altria is not a defendant in this lawsuit, nor have Plaintiffs alleged any conspiracy claims regarding Altria. Dkt. No. 137 at 4. However, in other actions pending before the JPML, plaintiffs have brought claims against Altria. *See e.g. NesSmith v. JUUL Labs, Inc.*, No. 8:19-cv-00884-MSS-AAS (M.D. Fla. Apr. 15, 2019). If these actions are consolidated with this litigation and these claims are allowed to proceed, the parties and the Court may need to reassess how to treat some of these documents. Further, plaintiffs' attorneys in these other actions, and counsel for Altria, a party in several of the cases, may have their own positions on these discovery issues.

Plaintiffs' position in opposing the stay is that JLI should simply turn over all relevant

8
DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING
JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn &
Crutcher LLP

documents so a stay is not warranted. But that is an overly simplistic and unrealistic position. Relevance is assessed against the claims and defenses in a case; without knowing what claims will proceed and how, any evaluation of relevance would be challenging at best. Moreover, discovery requires substantial coordination amongst the parties and they often do not agree on the scope of discovery. For example, the parties' negotiations regarding custodians and search terms demonstrate the problem with attempting to negotiate complex discovery issues before all the relevant parties and attorneys are able to participate. Plaintiffs have proposed that JLI search the records of 189 unique custodians and have proposed approximately 200 specific search terms, an unwieldy list covering 14 pages that is overly burdensome. JLI has responded with its own proposed list of custodians. However, there is no assurance that the parties and counsel from the other pending actions will agree to what either side has proposed be done here, especially because the parties' negotiations are based on the current claims and parties at issue in this litigation. These absent parties face a clear risk of prejudice if they are bound by agreements that Plaintiffs and JLI may reach in their absence. And if they are not bound, then JLI will be prejudiced if it has to renegotiate these time-consuming issues again after the cases are centralized to accommodate these new parties.

The most efficient way to resolve these, and other discovery issues that may arise, is to wait until it is clear what claims, issues, and parties will be involved in this litigation. Pretending these significant issues do not exist, which is what Plaintiffs here apparently advocate, is not an efficient way to manage these cases; it would require unnecessary, burdensome pleading motions and for JLI and Plaintiffs to expend unnecessary time, effort, money, and resources attempting to prematurely resolve issues, and it threatens to prejudice JLI and parties not presently before the Court.[9] *See Weaver v. Pfizer, Inc.,* No. 2:14-CV-0818-KJM, 204 WL 2002212, at *4 (E.D. Cal. May 15, 2014)

---

[9] The discovery relating to Altria and the parties' search terms negotiations are just two examples. JLI anticipates similar, additional issues may arise if discovery proceeds now. For example, the appropriate scope of any discovery relating to the health effects of nicotine in this case is currently limited by the existing Plaintiffs' alleged symptoms from using JUUL products. But plaintiffs in other actions have alleged additional, and more serious health complications, such as seizures. *See e.g., NesSmith v. JUUL Labs, Inc.*, No. 8:19-cv-00884-MSS-AAS (M.D. Fla. Apr. 15, 2019); *Kocourek v. JUUL Labs, Inc.*, No. 3:19-cv-00903 (S.D. Ill. Aug. 19, 2019). Inclusion of these claims in this action may alter the relevant scope of discovery in this case.

(noting burden on defendant to "relitigate any decisions. . . if the case is transferred to the MDL court"); *Gibson v. Bristol–Myers Squibb Co.*, No. 13-cv-01416-SBA, 2013 WL 2081964, at *1 (N.D. Cal. May 14, 2013) (defendant would be prejudiced if forced to "re-litigate issues before the MDL Panel"). Given the strong likelihood that additional cases will be centralized with this action, any discovery issues the parties discuss and attempt to resolve now, will likely have to be relitigated, causing prejudice to JLI and Plaintiffs.

A brief stay of the proceedings in this action will preserve the parties' time and resources and avoid unnecessary duplicative proceedings.

**B.     A Stay Would Preserve Judicial Resources and Promote Judicial Efficiency**

For the same reasons above, a brief stay would also "save judicial resources and promote judicial efficiency." *Couture*, 2012 WL 3042994, at *2 (citing *Rivers*, 980 F. Supp. at 1360-61). Any time and effort the Court spends on these proceedings now may be made redundant if this litigation is transferred to a different district court. *See Fuller v. Amerigas Propane, Inc.*, No. 9-cv-2493-TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) ("There is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the [JPML] is resolved, as transfer of this matter to another court would render redundant the efforts of this Court."); *Rivers*, 980 F. Supp. at 1360-61 (granting request for stay pending JPML ruling and holding that a "great deal of this Court's time and energy" would be saved by a stay).

In addition, even if the cases are ultimately transferred here, it does not make sense for this Court to expend its resources on pleadings, pleading motions, and discovery management now when significant changes to the scope and structure of this litigation may be just around the corner. *See Mandrigues v. World Sav., Inc.*, No. 07-4497, 2008 WL 5221074, at *2 (N.D. Cal. Dec. 12, 2008) (Fogel, J.) (finding that judicial economy favored grant of a stay pending JPML ruling even though the court anticipated it would receive the coordinated actions); *Jennings v. Fresenius USA Inc.*, No. 13-cv-03795-WHO, 2013 WL 5487224, at *2 (N.D. Cal. Oct. 2, 2013); *see also Ernyes-Kofler v. Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (noting that courts "frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case," and explaining that

Gibson, Dunn & Crutcher LLP

a stay pending resolution of a motion to transfer before the JPML would "conserve judicial resources," avoid "duplicative discovery and motion practice," and avoid "inconsistent rulings"); *Grove v. Organon USA, Inc.,* No. 13-2138-SC, 2013 WL 3286225, at *1 (N.D. Cal. June 27, 2013) (holding that "staying the case promote[d] judicial economy and uniform decision-making"). It is likely that these cases will soon be part of an MDL, and there will be additional defendants, plaintiffs, and counsel raising issues related to pleadings, discovery, scheduling, and case management. It makes good sense to wait until those parties are present before plowing ahead with this proceeding.

Rather than needlessly taxing this Court's resources by forging ahead before the JPML's decision is clear and the scope of this litigation has crystalized, the Court should briefly stay these proceedings to preserve judicial resources and to ensure efficient resolution of the proceedings.

### C. A Brief Stay Would Not Prejudice Plaintiffs

Finally, there will be no "prejudice to the non-moving part[ies]" should the proceedings in these actions be stayed. *Rivers*, 980 F. Supp. at 1360. All JLI seeks through this motion is a brief stay until the JPML issues its decision on the motion to transfer and the cases can be coordinated and appropriately structured. The motion will be heard at the Panel's next session on September 26, 2019, and a decision will likely be rendered shortly thereafter. Further, while the stay is pending, JLI will continue to produce documents previously produced to certain governmental agencies, regulators, and other entities pursuant to the parties' stipulation, entered by this Court on August 20, 2019. *See* Dkt. No. 138. Plaintiffs will have tens of thousands of documents to review during this brief stay. Plaintiffs can also use that time to make progress in gathering and producing the documents related to Plaintiffs, almost none of which have been produced in this case.

Such a brief stay would cause "no meaningful prejudice" to Plaintiffs, particularly where, as here, "any delay caused by this stay will be of very short duration." *Fuller*, 2009 WL 2390358, at *1 (finding "no meaningful prejudice . . . to Plaintiff" as a result of a stay where the JPML was "expected to hear [the] matter within a few months" and a stay was "unlikely to cause the degradation of memories or the loss of material evidence"); *Couture*, 2012 WL 3042994, at *3 (finding that a short stay would not prejudice Plaintiffs); *Good*, 5 F. Supp. 2d at 809 (finding that stay of

Gibson, Dunn & Crutcher LLP

case pending JPML transfer decision would not prejudice the plaintiff where the stay "would likely be brief"); *see also Rosenfeld v. Hartford Fire Ins. Co.*, No. 88-cv-2153-MJL, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) (while Plaintiffs "may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may be saved than was lost"). This is especially true given that JLI plans to produce tens of thousands of documents to the plaintiffs during this brief period in accordance with the parties' August 20, 2019, stipulation, and that there is no discovery cut-off set in this case. Indeed, we do not even have an operative pleading in this case given that the Court granted-in-part JLI's motion to dismiss on August 23, 2019, and Plaintiffs have not yet filed an amended complaint. A stay will strike a common-sense balance between ensuring that the litigation continues to move forward efficiently while avoiding time consuming, premature, and potentially fruitless negotiations and discovery disputes.

## I. CONCLUSION

For the foregoing reasons, JLI respectfully requests that this Court stay all proceedings in this matter—except for JLI's production of documents pursuant to the Stipulation entered by this Court on August 20, 2019—until further order of this Court following a decision by the JPML on the motions to consolidate and transfer.

12
DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| 1    Dated: August 28, 2019 | Respectfully submitted, |
| 2 | GIBSON, DUNN & CRUTCHER LLP |

By: /s/ *Austin V. Schwing*
Charles J. Stevens, SBN 106981
Austin V. Schwing, SBN 211696
Winston Y. Chan, SBN 214884
Joshua D. Dick, SBN 268853
Peter C. Squeri, SBN 286249
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
*aschwing@gibsondunn.com*

Deborah L. Stein, SBN 224570
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant JUUL LABS, INC.

# ATTACHMENT 1

The following 29 actions pending in [14] federal district courts across the county have been identified as related actions for the purposes of JLI's pending motion to transfer before the JPML:

**Northern District of California**

- *In re: JUUL Labs, Inc. Products Litigation*, No. 3:18-cv-02499-WHO (N.D. Cal. Apr. 26, 2018) (Orrick)
    a. *Colgate v. JUUL Labs, Inc.*, No. 3:18-cv-02499-WHO (N.D. Cal. Apr. 26, 2018)
    b. *Viscomi v. JUUL Labs, Inc.*, No. 3:18-cv-06808-WHO (N.D. Cal. Aug. 31, 2018)
    c. *J.Y. v. JUUL Labs, Inc.*, No. 3:18-cv-06776-WHO (N.D. Cal. Oct. 10, 2018)
    d. *Zampa v. JUUL Labs, Inc.*, No. 3:19-cv-02466-WHO (N.D. Cal. Nov. 5, 2018)
- *Swearingen v. JUUL Labs, Inc.*, No. 4:19-cv-04424-DMR (N.D. Cal. May 22, 2019) (Ryu)
- *Beatriz-Alegre v. JUUL Labs, Inc.*, No. 3:19-cv-05174-LB (N.D. Cal. Aug. 19, 2019) (Beeler)
- *G.S. v. JUUL Labs, Inc.*, No. 3:19-cv-05224-TSH (N.D. Cal. Aug. 21, 2019) (Hixson)
- *Vermillion v. JUUL Labs, Inc.*, No. 4:19-cv-05286-DMR (N.D. Cal. Aug. 23, 2019) (Ryu)

**Southern District of New York**

- *D.P. v. JUUL Labs, Inc.*, No. 7-18-cv-05758 (S.D.N.Y. June 26, 2018) (Seibel)

**Middle District of Florida**

- *NesSmith v. JUUL Labs, Inc.*, No. 8:19-cv-00884-MSS-AAS (M.D. Fla. Apr. 15, 2019) (Scriven)
- *Pippen v. JUUL Labs, Inc.*, No. 6:19-cv-01671 (M.D. Fla. Aug. 27, 2019)

**Southern District of Florida**

- *Shapiro v. JUUL Labs, Inc.*, No. 0:19-cv-61548-DPG (S.D. Fla. June 21, 2019) (Gayles)

**Middle District of Alabama**

- *Helms v. JUUL Labs, Inc.*, No. 2:19-cv-00527-ALB-WC (M.D. Ala. June 14, 2019) (Brasher)
- *West v. JUUL Labs, Inc.*, No. 19-cv-00505-ALB-WC (M.D. Ala. July 16, 2019) (Brasher)

**Northern District of Alabama**

- *Bentley v. JUUL Labs, Inc.*, No. No. 5:19-cv-01313-LCB (N.D. Ala. July 15, 2019) (Burke)

14
DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP

**District of New Jersey**

- *S.R. v. JUUL Labs, Inc.*, No. 3:19-cv-16659 (D.N.J. Aug. 12, 2019) (Shipp)
- *P.O. v. JUUL Labs, Inc.*, No. 3:19-cv-16631-FLW-DEA (D.N.J. Aug 13, 2019) (Wolfson)
- *Divello v. JUUL Labs, Inc.*, No. 2:19-cv-16915-BRM-ESK (D.N.J. Aug. 20, 2019) (Martinotti)
- *Kelly v. JUUL Labs, Inc.*, No. 3:19-cv-17005-FLW-DEA (D.N.J. Aug. 21, 2019) (Wolfson)

**Southern District of West Virginia**

- *R.E. v. JUUL Labs, Inc.*, No. 2:19-cv-00591 (S.D.W. Va. Aug. 13, 2019) (Johnston)

**District of Massachusetts**

- *Murphy v. JUUL Labs, Inc.*, No. 1:19-cv-11755 (D. Mass. Aug. 15, 2019) (Gorton)

**Northern District of Mississippi**

- *M.D. v. JUUL Labs, Inc.*, No. 3:19-cv-00180-GHD-RP (N.D. Miss. Aug. 15, 2019) (Davidson)

**Northern District of Illinois**

- *Quercia v. JUUL Labs, Inc.*, No. 1:19-cv-5664 (N.D. Ill. Aug. 22, 2019) (Kennelly)

**Southern District of Illinois**

- *Kocourek v. JUUL Labs, Inc.*, No. 3:19-cv-00903-SMY-RJD (S.D. Ill. Aug. 19, 2019) (Yandle)
- *Tempel v. JUUL Labs, Inc.*, No. 3:19-cv-00904-SMY-RJD (S.D. Ill. Aug. 19, 2019) (Yandle)
- *Sidlo v. JUUL Labs, Inc.*, No. 3:19-cv-00905-SMY-RJD (S.D. Ill. Aug. 19, 2019) (Yandle)

**Southern District of Indiana**

- *McCullough v. JUUL Labs, Inc.*, No. 1:19-cv-03543-RLY-DLP (S.D. Ind. Aug. 20, 2019) (Young)

**Western District of Missouri**

- *Phillips v. JUUL Labs, Inc.*, No. 2:19-cv-4172-MDH (W.D. Mo. Aug. 21, 2019) (Harpool)
- *Boyd v. JUUL Labs, Inc.*, No. 4:19-cv-0674-HFS (W.D. Mo. Aug. 27, 2019) (Sachs)

15
DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING JPML RULING - CASE NO. 3:18-CV-02499-WHO

Gibson, Dunn & Crutcher LLP